# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

GERALD H. SILK
jerry@blbglaw.com
212-554-1282

April 5, 2019

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    **_Plaut v. The Goldman Sachs Group, Inc., et al._, No. 1:18-cv-12084 (S.D.N.Y.)**

Dear Judge Broderick:

      We, along with Kessler Topaz Meltzer & Check, LLP, represent presumptive Lead Plaintiff Sjunde AP-Fonden ("AP7") in connection with the above-referenced class action. We write in response to another submission by competing movant Meitav Dash Provident Funds and Pension Ltd. ("Meitav") on April 3, 2019 citing inapposite and irrelevant supplemental authority. *See* ECF No. 50. The decision submitted by Mietav from *In re Snap Inc. Securities Litigation*, No. 2:17-cv-03679 (C.D. Cal. Apr. 1, 2019) ("*Snap*") has no bearing on AP7's Article III standing.

      In *Snap*, the court was forced to consider whether it was the State of New Mexico, the New Mexico State Investment Council ("NMSIC"), or the funds managed by NMSIC on behalf of the State of New Mexico that was the appropriate party with standing under New Mexico statutory law to serve as a lead plaintiff. Additionally, the court was confronted with the question of whether it was New Mexico's Attorney General ("AG") or New Mexico's State Investment Officer ("SIO") that had the statutory power to authorize the filing of a lead plaintiff motion. As Meitav is aware, New Mexico statutory law, NMSIC's standing, and the scope of authority of the New Mexico AG and SIO—for which "case[law] does not provide a clear answer," *Snap* at 4—are irrelevant to AP7's Article III standing. In fact, the situation here is the exact opposite: AP7's Article III standing has been repeatedly confirmed by numerous courts in this District and across the country. *See, e.g.*, *Hachem v. Gen. Elec. Inc.*, No. 17 Civ. 8457 (JMF), ECF No. 140 at 5:4-10 (S.D.N.Y. May 23, 2018) (previously submitted as ECF No. 45-1) ("I do conclude that the 'prudential exception' applies here with respect to [AP7] and that standing is not an issue."); *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Fin. Corp.*, Nos. 14-CIV-81507-WPD, *et al.*, 2014 WL 7236985, at *3 (S.D. Fla. Nov. 7, 2014) (appointing AP7 as sole lead plaintiff over standing challenges that were "not grounded in evidence"); *Smith v. JPMorgan Chase & Co.*, No. 1:12-cv-03852-GBD, ECF No. 29 (S.D.N.Y. Aug. 21, 2012) (previously submitted as ECF No. 45-3) (appointing AP7 as lead plaintiff over standing challenges).

1251 AVENUE OF THE AMERICAS • NEW YORK • NY 10020-1104
TELEPHONE: 212-554-1400 • www.blbglaw.com • FACSIMILE: 212-554-1444



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Vernon S. Broderick
April 5, 2019
Page 2

    *Snap* is readily distinguishable, provides no basis to question AP7's standing, and does not alter the conclusion that AP7 is entitled to appointment as Lead Plaintiff in this litigation.

                                                Respectfully,

                                                Gerald H. Silk

cc:      All counsel of record (via ECF)