

**Jeremy A. Lieberman**
Managing Partner

June 14, 2019

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: ***Plaut v. The Goldman Sachs Group, Inc. et al.*, No. 1:18-cv-12084 (S.D.N.Y.)**

Dear Judge Broderick:

We represent Movant Meitav Dash Provident Funds and Pension Ltd. ("Meitav") in the above-captioned action. We write to notify the Court of additional information relevant to Meitav's pending motion for appointment as Lead Plaintiff and approval of Lead Counsel and in opposition to competing motions. Dkt. No. 29. Movant Sjunde AP-Fonden ("AP7") has recently advanced Article III standing arguments in *Hedick v. The Kraft Heinz Co., et al.* No. 1:19-cv-01339 (N.D. Ill.) ("*Kraft*"), attached hereto as Exhibit A, that are inconsistent with the positions it has taken in this action and demonstrate that AP7 is not an adequate representative.

In *Kraft*, AP7 moved to be appointed lead plaintiff as did, among others, the New York City Funds ("NYC"), which is composed of eleven pension funds for New York City's firefighters, police officers, teachers, and other city employees. In opposing NYC's motion, AP7 argued that NYC was not an adequate lead plaintiff because NYC's practice of investing in "commingled accounts" raised questions of standing, which were "potentially fatal to [NYC]." Ex. A at 7-8. AP7 asserted that NYC had failed to conclusively demonstrate standing over any investments in Kraft that may have been through these accounts because commingled account investors "typically" own units of the commingled fund rather than shares of the individual stocks. *Id*. at 9. Citing *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008), AP7 argued that questions of standing existed because NYC failed to affirmatively demonstrate that it had "direct ownership of the specific securities" in the commingled accounts rather than just shares in a fund. *Id*. at 9-10. AP7 also asserted that NYC was not an adequate lead plaintiff because the decision-maker for the action was not the individual funds themselves, but rather the New York City Law Department. *Id*. at 12. *See also* Dkt. No. 101 at 7-8 (explaining that the Law Department is the legal counsel for each of the funds, and will oversee the litigation).



The Honorable Vernon S. Broderick
June 14, 2019
Page 2

    The deficiencies that AP7 identified with NYC in *Kraft* are even more pronounced here. In *Kraft*, AP7 argued that NYC was not an adequate lead plaintiff because it failed to conclusively demonstrate that none of its purchases were through a "commingled account" and, if they were, that it had direct ownership of the securities rather than an interest in the fund. While it is unclear that the merely AP7's asserted possibility that some of NYC's investments may have been through commingled accounts raises any standing concern for NYC in the *Kraft* Action, AP7's assertion that it is fatal to NYC's lead plaintiff motion dooms AP7's application in this Action. Here, AP7 ***admits*** that it is not the beneficial owner of the Goldman Sachs securities at issue. It has purchased no shares of Goldman stock and does not even own interests in a fund investing in Goldman. ***Nothing***. If AP7 believes that NYC's failure to demonstrate that its ownership in the commingled accounts is a direct ownership of shares rather than an interest in the fund raises standing questions that preclude it from being named lead plaintiff, then certainly AP7's admission that it is not the beneficial owner of a single share of Goldman does as well.

    As such, AP7's own arguments in the *Kraft* litigation doom its Motion in this matter. For the foregoing reasons, Movant Meitav respectfully requests that its Motion be granted and AP7's Motion be denied.

Respectfully,

Jeremy A. Lieberman

cc: All Counsel of Record (by ECF)