# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

GERALD H. SILK
jerry@blbglaw.com
212-554-1282

June 25, 2019

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    ***Plaut v. The Goldman Sachs Group, Inc., et al.*, No. 1:18-cv-12084 (S.D.N.Y.)**

Dear Judge Broderick:

    We, along with Kessler Topaz Meltzer & Check, LLP, represent presumptive Lead Plaintiff Sjunde AP-Fonden ("AP7") in connection with the above-referenced class action. We write in response to Meitav Dash Provident Funds and Pension Ltd. ("Meitav")'s continued campaign to mislead the Court through the submission of irrelevant case law that has no bearing on AP7's Article III standing to pursue claims in this litigation.

    *Gross v. AT&T Inc., et al.*, No. 19-CV-2892 (VEC), ECF No. 53 (S.D.N.Y. June 24, 2019)—Meitav's fourth supplemental submission—is facially inapposite. In *AT&T*, the Honorable Valerie Caproni considered whether KBC Asset Management NV ("KBC")—a Belgian asset manager—had standing to bring claims in connection with certain of the investment funds that KBC manages. In concluding that KBC lacked Article III standing, Judge Caproni explained that "KBC does not own the underlying securities and has not been assigned an ownership interest in the claims at issue." *AT&T* at 3. Critically, KBC never argued that it qualified (***like AP7 does here***) for the "prudential exception" to Article III standing under the Second Circuit's ruling in *W.R. Huff Asset Management Co. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008). Instead, KBC argued only that it had a power of attorney under management agreements with its investment funds—a singular fact that Judge Caproni determined was "insufficient to confer standing." *AT&T* at 3 (citing *Huff*, 549 F.3d at 108).

    *AT&T* does not address (let alone conflict with) the body of case law conclusively confirming AP7's qualification for the "prudential exception" to Article III standing and entitlement to appointment as Lead Plaintiff. *See, e.g.*, *Hachem v. Gen. Elec. Inc.*, No. 17 Civ. 8457 (JMF), ECF No. 140 at 5:4-10 (S.D.N.Y. May 23, 2018) (previously submitted as ECF No. 45-1) ("I do conclude that the 'prudential exception' applies here with respect to [AP7] and that

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Vernon S. Broderick
June 25, 2019
Page 2

standing is not an issue."); *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Fin. Corp.*, Nos. 14-CIV-81507-WPD, *et al.*, 2014 WL 7236985, at *3 (S.D. Fla. Nov. 7, 2014) (rejecting challenges to AP7's standing under the prudential exception as "not grounded in evidence"). Meitav's suggestion to the contrary should be rejected out of hand.

Respectfully,

Gerald H. Silk

cc:   All counsel of record (via ECF)