# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SJUNDE AP-FONDEN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>THE GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, HARVEY M. SCHWARTZ, and GARY D. COHN,<br><br>       Defendants. | Case No. 1:18-cv-12084-VSB |

**DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff's Request is both substantively and procedurally inappropriate. It asks this Court to take judicial notice of "all admitted (and, thus, undisputed) facts set forth in the Information and the DPA in deciding the Motion to Dismiss," on the theory that those admissions are "highly relevant" because they "substantiate[] the allegations in the Second Amended Complaint." Request at 2–3, ECF No. 100. This is wrong as a matter of law. To the extent the Information and DPA overlap with Plaintiff's allegations, they are irrelevant to Defendants' motion to dismiss because that motion—like any Rule 12(b)(6) motion—*already assumes the allegations are true*. And it would be procedurally improper to allow Plaintiff to *expand* its allegations by incorporating a new set of facts from an entirely different proceeding involving different legal issues and standards.[1]

At this stage in the litigation, the only question before the Court is whether Plaintiff has satisfied the high burden of pleading a securities fraud claim as a matter of law. This requires the Court, after accepting Plaintiff's allegations as true, to determine whether Plaintiff adequately pleaded that Defendants intentionally misled Goldman Sachs' shareholders about the risks of regulatory enforcement actions and sanctions relating to 1MDB. The answer to that question is clearly no, for the reasons stated in Defendants' motion to dismiss. Nothing in the Information or the DPA alters this conclusion, even if, as Plaintiff maintains, they "substantiate" certain allegations already deemed to be true for purposes of the pending motion.

---

[1] While a court deciding a Rule 12(b)(6) motion may take judicial notice of the *filing* of a deferred prosecution agreement, that notice should not extend to the factual matters discussed therein. *See, e.g.*, *Vasquez v. Hong Kong & Shanghai Banking Corp. Ltd.*, No. 18 CIV. 1876 (PAE), 2019 WL 2327810, at *7 (S.D.N.Y. May 30, 2019) (Engelmayer, J.) (granting plaintiffs' request to take judicial notice of a deferred prosecution agreement, "but solely for the fact of its filing, not for the truth of its contents"); *see also Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (internal citation omitted); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (district court erred in relying on bankruptcy orders "to establish facts asserted therein").

The Request highlights certain statements about bribery in Malaysia (Request at 2), and a failure to respond adequately to the risk of such bribery (*id.* at 3). But Plaintiff has not made any effort to connect those allegations with the pleading deficiencies highlighted in Defendants' motion. For example, the Request does not mention what may be the most glaring flaw in Plaintiff's case—the undeniable fact that the market was well aware of the risk of significant penalties and sanctions from 1MDB-related investigations, like the one that led to the DPA, through the extensive media coverage and Goldman Sachs' own public disclosures. Indeed, the portions of the Information that Plaintiff quotes in its Request—just like the allegations in the complaint—affirmatively ***confirm*** that the market was aware of the risk. *See* Request at 3 (quoting Ex. A ¶ 72) (noting that between March 2013 and February 2016, the press was raising "red flags" regarding "Low's involvement in the deals and the possible payment of bribes in connection with the deals"). If anything, this further underscores Plaintiff's inability to plead loss causation, which alone dooms Plaintiff's complaint. Goldman Sachs' admissions involving FCPA charges has nothing to do with whether Goldman Sachs misled its own shareholders about the concomitant risks of government sanctions.

In short, there is no legitimate reason to grant Plaintiff's request. There is nothing in the Information or DPA that cures the many deficiencies in the complaint or that undermines in any way the arguments in Defendants' motion to dismiss. And it would be inappropriate to allow Plaintiff to use these documents to expand its allegations. The Request should be denied as irrelevant and procedurally improper.

Dated: November 9, 2020

Respectfully submitted,

 /s/ *Robert Y. Sperling*
Robert Y. Sperling (*pro hac vice*)
Linda T. Coberly (*pro hac vice*)
Seth C. Farber
George E. Mastoris
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile:  (212) 294-4700
rsperling@winston.com
lcoberly@winston.com
sfarber@winston.com
gmastoris@winston.com

*Counsel for Defendants The Goldman Sachs Group, Inc., Lloyd C. Blankfein, Harvey M. Schwartz, and Gary D. Cohn*