**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SJUNDE AP-FONDEN, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>        v.<br><br>THE GOLDMAN SACHS GROUP, INC., et al.,<br><br>            Defendants. | No.: 18-cv-12084 (VSB)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

## 1.    PURPOSE AND LIMITATIONS

Discovery requests and subpoenas served in the Action may call for the production or disclosure of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), or other private or competitively sensitive information, including personal data, for which protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

## 2.    DEFINITIONS

2.1.    <u>Action</u>: the above-captioned action.

2.2.    <u>Confidential Material</u>: any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and/or reveals confidential trade secrets, proprietary business information, or non-public personal, client, or customer information.

2.3.  Counsel: attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who represent or advise a Party in connection with this Action.

2.4.  Designating Party: any Party or Non-Party that designates Discovery Material as "Confidential" or "Highly Confidential."

2.5.  Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained, including but not limited to, documents, testimony, interrogatory responses, deposition transcripts and exhibits, responses to requests for admission, recorded or graphic matter, electronically stored information ("ESI"), and/or tangible things, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action, including but not limited to documents or ESI previously produced in other cases or government investigations to the extent that any Party is required to produce or agrees to produce such previously-produced information.

2.6.  Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, provided that he or she is not currently an employee of a Party or a former employee of a Party or any affiliate thereof with personal knowledge or involvement concerning the allegations in this Action.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.7.   <u>Highly Confidential Material</u>: any Producing Party may, subject to the provisions of this Order, designate any Discovery Material as "Highly Confidential" if the Producing Party reasonably and in good faith believes the Discovery Material contains trade secrets or other highly sensitive information that the Producing Party reasonably believes the unauthorized disclosure of which would result in competitive, commercial, or financial harm to the disclosing Party or Non-Party, or its personnel, clients or customers.

2.8.   <u>Non-Party</u>: any natural person or entity that is not a named Party to this Action.

2.9.   <u>Party</u>: any party to this Action, including all of its current officers, directors, and employees.

2.10.  <u>Personal Data</u>: Discovery Material protected from disclosure by federal, state, or foreign data-protection laws, or other privacy obligations, including without limitation, European Union Directive 95/46/EC (the "Directive") and the national laws implementing the Directive.

2.11.  <u>Privileged Material</u>: Discovery Material protected from disclosure under the attorney-client privilege, the work-product doctrine, the joint-defense or common interest privilege, the bank examination privilege, domestic or foreign banking privileges or bank regulatory laws and regulations, domestic or foreign bank secrecy laws, blocking laws or similar laws, domestic or foreign criminal or civil laws (including privacy laws), or any other applicable privilege, immunity, or protection from discovery or disclosure.

2.12.  <u>Producing Party</u>: any Party or Non-Party that produces Discovery Material in this Action.

2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

2.14. <u>Protected Material</u>: any Discovery Material that is designated as "Confidential" or "Highly Confidential," *provided, however*, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other written confidentiality agreement or undertaking).

2.15. <u>Receiving Party</u>: any Party or Non-Party that receives Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Discovery Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, except as set forth in Section 12.4, this Order shall not be construed to cause any Counsel of record to produce, return, and/or destroy their own attorney work product that is created in anticipation of or in connection with this Action.

Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing in connection with prosecuting or defending the claims in this Action so long as appropriate actions are taken to protect any Protected Material's confidentiality, such as filing the Protected Material under seal.

This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to seek to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**4.     DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     <u>for information in non-native documentary form (including transcripts of depositions taken in other proceedings)</u>, that the Producing Party affix the legend "Confidential" or "Highly Confidential" on the document and include the applicable designation in the metadata produced for such document.

(b)     <u>for deposition transcripts and/or exhibits in this Action</u>, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" by written notification to all Counsel of record on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e).  Only those portions of the testimony that are designated for protection in accordance

with the preceding sentence shall be covered by the provisions of this Order. The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed.  Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order.   If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 5.2 (Inadvertent Failures to Designate).  If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the DVD, plus any container, shall be so labeled.

(c)   for information produced in electronic, audio, or video format, and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on the exterior of the container or containers in which the information or item is stored and/or on the document.   Whenever a Receiving Party to whom electronically stored Discovery Material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" or "Highly Confidential" to each page of such document.

(d)   <u>for documents produced in native format</u>, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents or on the placeholder page.

(e)   <u>for interrogatory answers and responses to requests to admit, and the information contained therein</u>, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to production.

(f)   <u>for reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part,</u> that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential," as appropriate, on each page of the report.

A Party or Non-Party also may designate its information as Confidential or Highly Confidential by otherwise making that designation clear where the process described above is not feasible.

5.2.   <u>Inadvertent Failures to Designate</u>: If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by Bates number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled

copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Discovery Material under the terms of this Order, the Receiving Party shall (i) promptly notify the Producing Party and (ii) make reasonable efforts to retrieve the Discovery Material from any unauthorized recipient promptly and to avoid any further disclosure that is not consistent with the terms of this Order. If promptly corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material. If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, each Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.3.    In the event that more than one Designating Party designates the same Protected Material with different levels of confidentiality, the Parties shall make reasonable, good faith efforts to treat all copies of the Protected Material as having the highest level of confidentiality designated by any Designating Party.

5.4.    Upward Designation of Discovery Material Produced by Other Parties or Non-Parties: A Party may upwardly designate (i.e., designate any Discovery Material produced without a designation as Confidential or Highly Confidential or change

8

any Confidential Material to a designation of Highly Confidential) any Discovery Material produced by another Party or Non-Party, provided that the upward designating Party in good faith believes that said Discovery Material contains the upward designating Party's own trade secrets or other confidential research, development, financial, personal or commercially sensitive information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c) or other law, foreign or domestic. Upward designation shall be accomplished by providing written notice to all Parties, and the Producing Party if it is not a Party, identifying (by Bates number or other individually identifiable information) the Discovery Material. Within fifteen (15) business days of any such upward designation, the Producing Party shall provide replacement Discovery Material (i.e., production files, images, and metadata) reflecting the revised confidentiality designation. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Paragraph 6 regarding challenging designations.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.  <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by Bates number, and by providing a basis for the challenge. The challenging Party and the Designating Party shall, within ten (10) business days after service via e-mail of the written objections, meet and confer concerning the

objection, unless otherwise agreed.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper, and the Designating Party must explain the basis for its belief that the confidentiality designation was proper.

6.2.   <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.1, above, the Party challenging the designation may seek relief from the Court in accordance with its rules and procedures.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Subject to any other written agreement among or between Producing Parties and Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of this Action, each Receiving Party must comply with the provisions of Section 10, below.  The Parties agree that, in the event of the intentional

unauthorized use or disclosure of Protected Material, there shall be a rebuttable presumption that irreparable harm has or would occur.

7.2.     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is reasonably limited to the persons authorized under this Order to have access to Protected Material, and the Receiving Party shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.3.     Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)     the Receiving Party's Counsel, including the Receiving Party's in-house counsel responsible for this Action;

(b)     to the extent that such disclosure is reasonably necessary for this Action, current employees or representatives of each Receiving Party who have responsibility for, and/or oversight of the Action, and who have been informed they are reviewing Confidential Material and agree to abide by the terms of this Order;

(c)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that

(i) Counsel, in good faith, requires their assistance in connection with this Action; (ii) the Expert or Consultant is not currently an employee of a Party or a former employee of a Party or any affiliate thereof with personal knowledge or involvement regarding the allegations in this Action; (iii) any part of a report created by such Expert or Consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and (iv) Experts or Consultants may not use Protected Material for any purpose that does not relate to this Action;

(d)   the Court and its personnel, subject to the requirements of Section 9, below;

(e)   special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)   court reporters, videographers, and their staff engaged for depositions in this Action;

(g)   Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(h)   the author, addressees, or recipients of the document, or any other natural person who reviewed such document during his or her employment, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other

purposes; (ii) the individual is not permitted to retain copies of the Protected Material after the individual is examined regarding the Protected Material; and (iii) the individual is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(i)    a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in this Action not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in this Action, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(j)    relevant employees of any insurer or auditor to a Party to the extent that such disclosure is reasonably necessary for the representation of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(k)   any other person agreed to by the Designating Party in writing; and

(l)   any other person to whom the Court compels disclosure of Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15.

Any disclosure permitted by this section may only be made to the extent reasonably necessary to prosecute, defend, or settle this Action.

7.4.   <u>Disclosure of Highly Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)   the Receiving Party's Counsel, including the Receiving Party's in-house counsel responsible for overseeing this Action;

(b)   Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that (i) Counsel, in good faith, requires their assistance in connection with this Action; (ii) the Expert or Consultant is not currently an employee of a Party or a former employee of a Party or any affiliate thereof with personal knowledge or involvement regarding the allegations in this Action; (iii) any part of a report created by such Expert or Consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and (iv) Experts or Consultants may not use Protected Material for any purpose that does not relate to this Action;

14

(c)     the Court and its personnel, subject to the requirements of Section 9;

(d)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(e)     court reporters, videographers, and their staff engaged for depositions in this Action;

(f)     Professional Vendors to the extent that such disclosure is reasonably necessary for this Action so long as each respective vendor has a confidentiality agreement in place with retaining Counsel or Party that would cover the information in question;

(g)     the author, addressees, or recipients of the document, or any other natural person who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the individual is not permitted to retain copies of the Protected Material after the individual is examined regarding the Protected Material; and (iii) the individual is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(h)     a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in this Action not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in this Action, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the witness, and any Counsel for a Non-Party witness not represented by Counsel for one of the Parties, is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(i)     relevant employees of any insurer or auditor to a Party to the extent that such disclosure is reasonably necessary for the representation of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(j)     any other person agreed to by the Designating Party in writing; and

(k)     any other person to whom the Court compels disclosure of Highly Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 10 below; and

(l)     current employees of each Receiving Party responsible for overseeing this Action, and who have been informed they are reviewing Highly Confidential Material and agree to abide by the terms of this Order, to the extent that such disclosure is reasonably necessary for counsel for the Receiving Party to give advice and opinions to his or her client relating to this Action, including with respect to settlement.

Any disclosure permitted by this section may be only made to the extent reasonably necessary to prosecute, defend, or settle this Action.

7.5.    <u>Disclosure of Personal Data or Personally Identifying Information ("PII")</u>: Any Personal Data or PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Parties agree that any Personal Data or PII contained in Discovery Material shall be treated as Highly Confidential, pursuant to the terms of this Order.  The Parties agree that Personal Data or PII may be redacted but that redacting certain Personal Data or PII may be unduly burdensome, and thus a Party may choose to not redact Personal Data or PII in all documents produced.  Nothing in this paragraph shall be construed as a waiver of a Party's right to redact Personal Data or PII.  In the event the party who received Personal Data or PII experiences a data breach, it shall immediately notify the Producing Party of same and cooperate with the Producing Party to address and remedy the breach.  Nothing herein shall preclude the Producing Party from asserting legal claims or constitute

a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect Personal Data or PII from unauthorized disclosure.

7.6.   Retention of Exhibit A: Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain it for six (6) months following the final termination of this Action, including any appeals, and shall make it available to other Parties upon good cause shown for such other Parties to review the same.

7.7.   Retention of Protected Material: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Sections 7.3 (g) and (j), who have been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed, and in no event may retain information beyond thirty (30) calendar days following the final termination of this Action, including any appeals.  Persons described in Sections 7.4 (f) and (i) who have been shown Highly Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Material was disclosed, and in no event may retain information beyond thirty (30) calendar days following the final termination of this Action, including any appeals.

**8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material either to a person or in a manner not specifically permitted under this Order, the

Receiving Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery of the disclosure by Counsel, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make commercially reasonable efforts to retrieve all copies, or derivations thereof, of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order" (Exhibit A). Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to withhold the disclosed document or information as Protected.

## 9.    FILING PROTECTED MATERIAL

In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material, Personal Data, PII, or any Discovery Material that contains information satisfying the five categories of "sensitive information" or six categories of information requiring "caution" pursuant to the Southern District of New York's Notice Regarding Privacy and Access to Electronic Civil and Criminal Case Files, or any Discovery Material that may be deemed a "Highly Sensitive Document" pursuant to the Southern District of New York's Modified Procedures for Highly Sensitive Documents, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with Rule 5.B of the Court's Individual Rules and Practices in Civil Cases.  In making such a filing, a Receiving Party may rely on the Designating Party's designation of any Discovery Material and need not independently verify, or take a position on, such Designating Party's designation.

Filing under seal shall be without prejudice to any Party's right to argue to the Court that

such document need not be preserved under seal.

**10.   INTERIM AND FINAL DISPOSITION**

10.1.   Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) calendar days after the final termination of this Action, including any appeals, each Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party all Protected Material and all copies thereof, or, at the option of the Receiving Party, to destroy all Protected Material and all copies thereof. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

10.2.   If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 30-day period, and that it must instead retain Protected Materials for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this section, then it must, identify in writing (i) the law or other regulatory authority it believes requires it to retain those materials, and (ii) describe the Protected Materials it intends to retain pursuant to that law or regulatory authority.

10.3.   This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of this Order's provisions following

termination of this Action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## 11.     A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other Party's or Non-Party's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other Party's or Non-Party's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## 12.     CLAW BACK OF DISCOVERY MATERIAL

12.1.   If a Party at any time notifies any other Party that it produced, for any reason, Discovery Material that is subject to protection as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Fed. R. Civ. P. 26(b)(5)(B) and/or Fed. R. Evid. 502(d), shall not be deemed a waiver—in this Action or in any other proceeding, including in federal or state proceedings— of any applicable privilege or protection with respect to the Discovery Material or the subject matter of the Discovery Material.  Production of documents protected by attorney-client privilege, protection under the work-product doctrine, or protection under any other applicable statute, law, regulation, privilege, or immunity shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the Receiving Party.

21

12.2.   In order to claw back wholly nonresponsive, non-privileged Discovery Material that was produced inadvertently, the Producing Party must provide written notice to the Receiving Party specifying the Bates number(s) of the Discovery Material it wishes to claw back and the basis of the claim that it is nonresponsive.  For the avoidance of doubt, the only Discovery Material that may be clawed back pursuant to Section 12.2 is that which is of a personal, confidential, or sensitive nature and has no relation to this Action (hereinafter, "Nonresponsive Material"). The Parties will meet and confer and work in good faith to claw back Nonresponsive Material.

12.3.   In order to claw back Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide written notice to the Receiving Party specifying the Bates number of the Discovery Material it wishes to claw back, and the basis of the claim that it is, contains, or reflects Privileged Material.

12.4.   Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party, sequester, or destroy all copies of such Privileged Material.  The Receiving Party shall provide written notice that the Receiving Party has undertaken reasonable efforts to return, sequester, and/or destroy such Privileged Material, and shall not use such material for any purpose until further order of the Court.  The contents of the materials identified in the claw back notice shall not be disclosed to anyone who was not

already aware of the contents of them before the notice was made. If the Receiving Party has provided the Privileged Material at issue in the claw back, or copies thereof, to any other individuals or parties prior to receiving the Producing Party's notice of claw back, the Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party, sequester, or destroy all copies of such Privileged Material that are in possession of those other individuals or parties. In all events, such return, sequestration, destruction, and/or certification must occur within ten (10) business days of receipt of the request. The Receiving Party may request an extension of the deadline for the return, sequestration, or destruction of retained copies, and such extension shall not be unreasonably withheld. Nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure, Federal Rule of Evidence 502(b), and other relevant laws, or restricting the right of any Party to seek the Court's enforcement of the provisions requiring return, sequestration, or destruction of any Privileged Material. The return, sequestration, or destruction of any Privileged Material pursuant to this paragraph shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the mere fact or circumstance that such privileged documents have already been produced. Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over their status, and nothing shall

prevent a Producing Party from moving the Court for a ruling that disclosed information is privileged.

12.5.   In order to claw back Nonresponsive Material that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide written notice to the Receiving Party specifying the Bates number of the Discovery Material it wishes to claw back, and the basis of the claim that it is Nonresponsive Material.

12.6.   Upon notice that a Producing Party wishes to claw back Discovery Material that is Nonresponsive Material, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party, sequester, or destroy all copies of such Nonresponsive Material.   The Receiving Party shall provide written notice that the Receiving Party has undertaken reasonable efforts to return, sequester, and/or destroy such Nonresponsive Material, and shall not use such material for any purpose until further order of the Court.   Such return, sequestration, destruction, and/or certification must occur within ten (10) business days of receipt of the request, unless the Receiving Party requests an extension of that deadline (where such extension shall not be unreasonably withheld). Notwithstanding the forgoing, within ten (10) business days of receiving notice of the claw back of Nonresponsive Material, the Receiving Party may provide notice of its intent to challenge the assertion that the Discovery Material is Nonresponsive Material (the "Challenge Notice"), in which event the Receiving Party may retain (a) no more copies (the "Retained Copies") of the disclosed material than are sufficient to prosecute its challenge to the assertion of nonresponsiveness and (b) all summaries or other work product referencing the

disclosed material ("Retained Summaries").   Having provided a Challenge Notice, the Receiving Party must raise a challenge with the Court within thirty (30) calendar days of that Challenge Notice, or otherwise return or destroy the Retained Copies.   In all events, nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of nonresponsiveness at any time permissible under the Federal Rules of Civil Procedure and other relevant laws, or restricting the right of any Party to seek the Court's enforcement of the provisions requiring return, sequestration, or destruction of any Nonresponsive Material.

12.7.   If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may at its sole election (a) allow the document to be used in the deposition without waiver of any Party's claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status.   Following an examination using the document on such non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product protected document.   Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in Section 12.3.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Highly

Confidential Material.  If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court.  If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by Counsel for such Party shall be within thirty (30) calendar days of said determination, and in the case of other Non-Party witnesses shall be at the earliest practicable time for the witness and his or her counsel.

## 13.    USE OF DESIGNATED MATERIAL AT HEARING OR TRIAL

The undersigned agree to make reasonable, good faith efforts to meet and confer in advance of any hearing or trial concerning procedures for the use of any Protected Material at the hearing or trial.  Nothing in the forgoing shall obligate any Party to disclose the identity of specific documents that Party intends to use at the hearing and/or trial.  Unless the Court orders otherwise, the use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

## 14.    ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating

with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

## 15.    LEGAL PROCESS

If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal, or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Discovery Material designated in this Action as "Confidential" or "Highly Confidential," the Receiving Party must notify, to the extent permitted by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and, in any event, in time for the Designating Party to take steps as set forth below.

The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue.  To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing

of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Protected Material subject to this Order, the Receiving Party shall request equivalent confidential treatment for the Confidential or Highly Confidential Material.

The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burden and the expense of seeking protection in that matter or proceeding of its Protected Material.  Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

16.    **NON-PARTIES**

Any Party, in conducting discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights herein.  If a Non-Party provides discovery to

any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to this Action.  If any Party receives a production of documents, data, or any other materials from a Non-Party in response to a formal discovery request, it shall make such production available to all other Parties to this Action within seven (7) business days of receipt.  Notwithstanding the foregoing, if there is an upcoming deposition, hearing, and/or trial in this Action, the Party that has received such production of Non-Party documents shall make the production available to all other Parties to this Action as soon as practicable so as to avoid prejudice to other Parties.

**17.   NEWLY-JOINED PARTY**

In the event additional persons or entities become Parties to this litigation, they shall not have access to Confidential Material or Highly Confidential Material produced by or obtained from any other Party or Non-Party until the newly-joined party has been made subject to this Protective Order by the Court.

**18.   NOTICES**

All notices required by this Order must be provided in writing to Counsel of record for each Party and, if applicable, in writing to a Non-Party.  Any of the notice requirements herein may be waived in whole or in part, but only in writing by the Designating Party.

**19.   AMENDMENT OF ORDER**

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Fed. R. Civ. P. 26(c).

**20.     MISCELLANEOUS**

20.1.   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no
Producing Party waives any right it otherwise might have to object to disclosing
or producing any information or item on any ground, including confidentiality.
Similarly, no Producing Party waives any right to object on any ground to the
admissibility or use in evidence of any of the Discovery Material covered by this
Order.

20.2.   <u>Governing Law</u>: Except to the extent that federal law may be applicable, this
Order is governed by, interpreted under, and construed and enforced in
accordance with the laws of the State of New York, without regard to conflict of
law principles.  Any dispute between the Parties regarding this Order shall be
resolved by making an appropriate application to this Court in accordance with
the Rules of the Court and other applicable rules.

**SO ORDERED.**

**Dated**: _____ October 12, 2021

**Hon. Vernon S. Broderick**
**United States District Judge**

By: _S/ Andrew L. Zivitz_
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Andrew L. Zivitz
Matthew L. Mustokoff
Johnston de F. Whitman, Jr.
Eric K. Gerard
Jamie M. McCall
Margaret E. Mazzeo

By: _S/ Robert Y. Sperling (w/consent)_
**WINSTON & STRAWN LLP**
Robert Y. Sperling
Linda T. Coberly
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-8768
Facsimile: (312) 558-5700
rsperling@winston.com

280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
azivitz@ktmc.com
mmustokoff@ktmc.com
jwhitman@ktmc.com
egerard@ktmc.com
jmccall@ktmc.com
mmazzeo@ktmc.com

*Lead Counsel for Sjunde AP-Fonden and*
*the Class*

**BERNSTEIN LITOWITZ**
**BERGER & GROSSMANN LLP**
Salvatore J. Graziano
James M. Fee
Rebecca E. Boon
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
sgraziano@blbglaw.com
james.fee@blbglaw.com
rebecca.boon@blbglaw.com

*Liaison Counsel for the Class*

lcoberly@winston.com

- and -

Seth C. Farber
John E. Schreiber
George E. Mastoris
Cristina I. Calvar
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
sfarber@winston.com
jscreiber@winston.com
gmastoris@winston.com
ccalvar@winston.com

*Counsel for The Goldman Sachs Group, Inc.*

By: *S/ Brad S. Karp (w/consent)*
**PAUL WEISS RIFKIND, WHARTON**
**  & GARRISON LLP**
Brad S. Karp
Andrew J. Ehrlich
Brady M. Sullivan
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bkarp@paulweiss.com
aehrlich@paulweiss.com
bmsullivan@paulweiss.com

*Counsel for Lloyd C. Blankfein*

By: *S/ Scott A. Edelman (w/consent)*
**MILBANK LLP**
Scott A. Edelman
Grant R. Mainland
Kingdar Prussien
Tess M. McLaughlin
Isabel C. Pitaro
55 Hudson Yards
New York, NY 10001-2163

Telephone: (212) 530-5000
Facsimile: (212) 530-5219
sedelman@milbank.com
gmainland@milbank.com
kprussien@milbank.com
tmclaughlin@milbank.com
ipitaro@milbank.com

*Counsel for Gary D. Cohn*

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have been informed by counsel that certain documents or information to be disclosed to me have been designated as confidential pursuant to a protective order entered by the U.S. District Court for the Southern District of New York in the litigation titled *Sjunde AP Fonden v. The Goldman Sachs Group, Inc., et al.*, 1:18-cv-12084-VSB.  I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the protective order, including my receipt or review of information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

I hereby agree that I will not disclose any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.


DATED:


_____

Signed in the presence of:


_____

(Attorney)