

ATTORNEYS AT LAW

Writer's Direct Dial:  610-822-2229
E-Mail: azivitz@ktmc.com
*Please reply to the Radnor Office*

September 16, 2022

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

Defendants are ordered, on or before September 23, 2022, to file a response letter indicating their position on Plaintiff's motion for authorization of alternative service of the subpoena.

SO ORDERED:

*[Signature: Vernon Broderick]* 09/19/22
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

**Re:** *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc., et al.*, No. 1:18-cv-12084

Dear Judge Broderick:

We write on behalf of Plaintiff Sjunde AP-Fonden ("AP7") in the above-referenced action regarding service of a deposition subpoena on a non-party witness, Timothy Leissner, the former Head of Investment Banking and Chairman of South East Asia for Defendant The Goldman Sachs Group, Inc. ("Goldman").[1]  As described below, we have been unable, despite diligent efforts, to effect service on Mr. Leissner—a central witness in this litigation.  We respectfully request leave to serve the deposition subpoena on Mr. Leissner by sending a copy via email to Mr. Leissner's counsel of record in his pending criminal case in the Eastern District of New York before the Honorable Chief Judge Margo K. Brodie:  *United States v. Leissner*, Cr. No. 18-439 (MKB) (E.D.N.Y.).  Under the Court's Scheduling Order, fact discovery is to be completed no later than December 30, 2022.  ECF No. 131.

The allegations in the Second Amended Class Action Complaint ("Complaint") center on a multi-billion dollar financial fraud effectuated through the Malaysian sovereign wealth fund, 1MDB, and its representative Jho Low ("Low").  The Complaint alleges that from 2014 to 2018, Defendants materially misled investors concerning Goldman's dealings with 1MDB and Low, and Goldman's business practices.  ¶¶ 337, 340, 344, 345, 348, 351, 354, 355, 358, 360, 362, 364, 367, 383, 388.[2]  Over ten months in 2012-2013, Goldman underwrote $6.5 billion in 1MDB debt through three bond offerings on its behalf, including Projects Magnolia (¶ 190), Maximus (¶ 207), and Catalyze (¶ 240), billions of which Low diverted to personal bank accounts belonging to himself, Malaysian and Emirati government officials, and Mr. Leissner.  *E.g.*, ¶¶ 190-92, 207-08, 240-41.[3]  Goldman earned more than $600 million in underwriting fees on these transactions.

---

[1] The other Defendants in this class action lawsuit include Goldman's former Chief Executive Officer, Lloyd C. Blankfein, and former President, Gary D. Cohn (collectively, "Defendants").

[2] "¶ __" citations refer to the Second Amended Class Action Complaint, ECF No. 63.

[3] In August 2018, Mr. Leissner pleaded guilty to federal criminal charges that he conspired to launder money and to violate the Foreign Corrupt Practices Act.  Mr. Leissner is presently scheduled to be sentenced on February 15, 2023.

280 King of Prussia Road, Radnor, Pennsylvania 19087  T. 610-667-7706  F. 610-667-7056  info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104  T. 415-400-3000  F. 415-400-3001  info@ktmc.com
WWW.KTMC.COM



¶¶ 15, 243.  Before, during, and after these transactions, as the Complaint alleges, Goldman's control functions raised red flags regarding Low and 1MDB, and, despite these warnings, Goldman did not cease its business dealings with Low or 1MDB.  *E.g.,* ¶¶ 120-24, 140-44.

As discovery has confirmed, Mr. Leissner played a central role in developing and executing these bond deals for Goldman.  By leveraging both his senior position at Goldman and his contacts with Low and Low's connections with members of the Malaysian and Emirati governments, Mr. Leissner secured the bank's role as the sole underwriter on these highly lucrative bond deals.  Indeed, Mr. Leissner recently testified in *United States v. Ng Chong Hwa*, Cr. No. 18-538 (MKB) (E.D.N.Y), that, among other things, Goldman's ability to structure and underwrite these bond deals was "critical" to the scheme's overall success because it meant that 1MDB and Low did not have to raise funds from other banks, but instead could rely exclusively on Goldman to "give the money in purses worth 1.7 billion, then 1.7 billion on the second case, and then 3 billion on the last one."  Tr. 402:17-403:3.  Accordingly, Plaintiff sought to serve a subpoena to depose Mr. Leissner on these issues and others, including his contacts with Low and other key individuals, role on the 1MDB deal team, interactions with Goldman's control functions, and knowledge regarding numerous business documents and email communications surrounding the bond deals.

On July 21, 2022, we informed Henry E. Mazurek and Ilana Haramati, the attorneys of record in Mr. Leissner's ongoing federal criminal case in the Eastern District of New York, that Plaintiff seeks to depose Mr. Leissner in this action and that we would like to confer with them about the issue.  After several attempts to follow-up with Mr. Leissner's attorneys, on September 9, 2022, Mr. Mazurek informed Plaintiff that he was not authorized to accept service of Plaintiff's deposition subpoena on behalf of Mr. Leissner.

Counsel for Plaintiff has also attempted to serve Mr. Leissner personally, but was unable to locate a current residence or place of employment for Mr. Leissner via public records and other online searches.  Plaintiff also hired a third-party investigative service, which also conducted various searches that were unsuccessful in locating any information regarding Mr. Leissner's current residence or place of employment.  Based on publicly available court records, however, including a letter-petition filed by Mr. Mazurek on June 15, 2022 in the Eastern District of New York to modify the conditions of Mr. Leissner's supervised release, we are aware that Mr. Leissner currently resides within the Northern District of Texas and is reporting to Federal Pretrial Services in that district in connection with the ongoing federal criminal case against him.

Rule 45 of the Federal Rules of Civil Procedure states, in part, that "[s]erving a subpoena requires delivering a copy to the named person."  *See* Fed. R. Civ. P. 45(b)(1).  "District courts in this Circuit have noted that the language of Rule 45 does not explicitly demand personal service of a subpoena; indeed such language neither requires in-hand service nor prohibits alternative means of service."  *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *2, (S.D.N.Y. Nov. 14, 2014) (citation omitted).  Most recently, in *Sparrow Fund Management LP v. MiMedx Group, Inc.*, 2021 WL 2767131, at *1-2 (S.D.N.Y. July 2, 2021), the court approved alternative service via certified mail following the plaintiff's unsuccessful attempts to serve a document subpoena on a non-party, finding that "[a]lternative service methods – such as service by certified mail – will be permitted where such service reasonably insures actual receipt of the

September 16, 2022
Page 3



subpoena by the witness and comports with due process insofar as it is reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections." *Id.* at *1 (second alteration in original) (internal quotations and citation omitted); *see also QED, LLC v. Faber Daeufer & Itrato, P.C.*, 2020 WL 5642256, at *1 (S.D.N.Y. Sept. 22, 2020) (authorizing service of a document subpoena via certified mail and email service on the non-party's counsel); *SEC v. Pence*, 322 F.R.D. 450, 455 (S.D.N.Y. 2017) (authorizing service of a deposition subpoena on a non-party witness through personal email account known to be used by the witness).[4]

Here, Plaintiff meets this standard for alternative service. Plaintiff has diligently attempted to locate information to effectuate personal service on Mr. Leissner by using not only its own internal resources, but also by hiring a third-party investigative service to assist in this effort. Plaintiff has also made multiple attempts to contact and engage with Mr. Leissner's counsel of record in the pending criminal matter against him, only recently being informed that counsel was not authorized to accept service of Plaintiff's deposition subpoena on behalf of Mr. Leissner. Because Mr. Leissner's criminal case is pending before the District Court in the Eastern District of New York, and his lawyer filed a petition as recently as June 15, 2022 to modify the conditions of Mr. Leissner's supervised release, alternative service by email to the attorneys of record in the criminal case pending against Mr. Leissner will "reasonably insure" that Mr. Leissner receives the subpoena, providing him with fair notice to raise any appropriate objections.

Accordingly, Plaintiff respectfully requests that the Court authorize alternative service of Plaintiff's deposition subpoena, a copy of which is appended to this letter, by authorizing Plaintiff to send a copy via email to Mr. Leissner's attorneys of record, Mr. Mazurek and Ms. Haramati, in the pending federal criminal case against Mr. Leissner.

Respectfully submitted,

 *S/ Andrew L. Zivitz*
Andrew L. Zivitz

cc:    All Counsel of Record (via ECF)

       Henry E. Mazurek and Ilana Haramati (via Email)
       Meister Seelig & Fein LLP
       125 Park Avenue, 7th Floor
       New York, NY 10017
       212-655-3500
       hem@msf-law.com
       ih@msf-law.com

---

[4] Alternative service is also consistent with Federal Rule of Civil Procedure 4, which permits such service in accordance with the laws of the state where service will be made. *See, e.g.*, *Briarpatch Ltd., v. Geisler Roberdeau, Inc.*, 2006 WL 1311967, at *1 (S.D.N.Y. May 12, 2006). Here, Texas Rule of Civil Procedure 106 permits that a court may, in proper circumstances, permit service of a citation "electronically by social media, email, or other technology."