USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/25/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

SJUNDE AP-FONDEN, individually and on behalf
of all others similarly situated,

                Plaintiff,

       -against-

THE GOLDMAN SACHS GROUP, INC.,
LLOYD C. BLANKFEIN, HARVEY M.
SCHWARTZ, and R. MARTIN CHAVEZ,

                Defendants.
-------------------------------------------------------------------X

**18-CV-12084 (VSB) (KHP)**

**AMENDED SCHEDULING ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

       The Undersigned has been referred for General Pretrial Management.  Accordingly, the parties are advised that any correspondence relating to scheduling, discovery, non-dispositive pretrial motions (including all pending motions), and settlement should be addressed to the undersigned.

       The Case Management Conference previously scheduled on Thursday, July 20, 2023 at 10:15 a.m. is adjourned to **Monday, July 24, 2023 at 2:00 p.m.**  The conference will be held in Courtroom 17-D, U.S. Courthouse, 500 Pearl Street, New York.  Because the parties have already engaged in discovery and complied with the requirements under Federal Rules of Civil Procedure 16(b) and 26(f), the parties are **not** required to do so again, and are **not** required to complete another Proposed Case Management Plan at this time.  The parties should be prepared to discuss their pending motions at the conference.

      By **Tuesday, June 20, 2023**, the parties shall meet and confer in an attempt to narrow the discovery dispute identified at ECF Nos. 204 and 227.  On **June 20, 2023**, the parties shall

file a joint status letter of no more than 8 pages in length that succinctly summarizes their current position(s) on the dispute, as well as any other discovery disputes that require the Court's attention or intervention. The Court will discuss the dispute(s) with the parties at the July 24 conference.

Finally, the parties filed motions to seal at ECF Nos. 203, 226 and 230 that seek to file their letters at ECF Nos. 204, 227 and 231 under seal. The Court finds that sealing the letters in their entirety is not "narrowly tailored" to "preserve higher values," as required by *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006), and its progeny. *See Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, 2022 WL 3704002, at *1 (S.D.N.Y. Aug. 26, 2022) (explaining that a court should "seal only that information that needs to be sealed in order to preserve higher values"). Moreover, the fact that information is designated confidential pursuant to a protective order is not sufficient grounds to seal or redact. *Doe v. U.S. Immigr. & Customs Enf't*, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021).

The sealed documents will be permitted to remain under seal for now, provided that the parties publicly file versions of the letters that redact *only* that information that reveals sensitive proprietary business or personal information. The broad factual descriptions of the dispute and the legal arguments should not be redacted. The parties shall publicly file redacted versions of the letters at ECF Nos. 204, 227, and 231 by **Tuesday, June 20, 2023**.

    **SO ORDERED.**

DATED:   New York, New York
           May 25, 2023

_____
KATHARINE H. PARKER
United States Magistrate Judge