

March 15, 2023

**VIA ECF (UNDER SEAL)**
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, NY 10007

Re: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc., et al.*, No. 18-cv-12084 (VSB)

Dear Judge Broderick:

    We represent Lead Plaintiff Sjunde AP-Fonden ("AP7") in this matter. Fact discovery was completed on March 9, 2023, with the deposition of Defendant The Goldman Sachs Group. Inc.'s ("Goldman") ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. We write to apprise the Court of additional facts developed during the final phase of fact discovery that are relevant to the parties' pending discovery dispute (Doc. 204). We respectfully request that the Court consider this information in deciding whether to grant the discovery sought by AP7.[1]

    Your Honor will recall that beginning in July 2016, Goldman's alleged false statements—including its December 22, 2016 statement that the bank had "***found no evidence showing any involvement by Jho Low in the 1MDB bond transactions***" (Doc. 63 ¶ 348; Doc. 211-1 ¶ 346)—were issued by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Doc. 204 at 1-2. During ▇▇▇▇▇ deposition, Goldman's counsel prevented him from testifying about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 2.

    In the parties' pending dispute, AP7 argues that under the "implied waiver" doctrine recognized by the Second Circuit, the knowledge of Goldman's in-house counsel and their involvement in formulating the alleged false statements with ▇▇▇ are necessarily implicated by AP7's claim that Goldman issued these statements with scienter. These facts require additional discovery into such knowledge—notwithstanding Goldman's disavowal of any formal advice-of-counsel or good faith defense. *Id.* at 2-3. In opposing AP7's request, Goldman argues that "[n]o testimony from a Goldman lawyer is necessary" for AP7 to prove "that Goldman supposedly had information in its possession or otherwise available to it at the time of the statements at issue that rendered those statements inaccurate." *Id.* at 5. Goldman further contends that the Court may not order such discovery unless Goldman "assert[s] an advice-of-counsel or good faith defense or otherwise rel[ies] on privileged communications." *Id.* at 4.

---

[1] Counsel for AP7 conferred with counsel for Goldman prior to submitting this letter. Goldman did not oppose AP7 filing a supplement to the parties' November 22, 2022 letter.

280 King of Prussia Road, Radnor, Pennsylvania 19087   T. 610-667-7706   F. 610-667-7056   info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104   T. 415-400-3000   F. 415-400-3001   info@ktmc.com
WWW.KTMC.COM

March 15, 2023
Page 2



Now that fact discovery is closed, the testimony following ▮ deposition further confirms the importance of the testimony sought by AP7, particularly given Goldman's continuing efforts to block any discovery regarding its purported basis for making the alleged false statements. This recently-elicited testimony establishes that in October 2015, over *one year before* Goldman's December 22, 2016 statement, two former Goldman executives—▮

▮, that Jho Low had been involved in the 1MDB bond deals and that Low and Tim Leissner had conspired in the 1MDB fraud.

October 13, 2015 recorded phone call in which ▮ told ▮ that the IPIC ▮ (*"thinks Jho Low is the leader of the pack and he [has] a very strong view that Tim is involved"*);

▮ that it had *"found no evidence showing any involvement by Jho Low in the 1MDB bond transactions,"* and that it *"had no visibility into whether some of those funds [raised in the 1MDB bond deals] may have been subsequently diverted to other purposes."* Doc. 63 ¶¶ 344, 348; Doc. 211-1 ¶¶ 343, 346. Because ▮ (and potentially others in the legal department) drafted or authorized these public statements,[3] fairness requires that AP7 be permitted discovery into what ▮

---

[2] ▮

[3] ▮

Case 1:18-cv-12084-VSB-KHP Document 237 Filed 03/15/23 Page 3 of 3

March 15, 2023
Page 3



may have discussed with ███ or any of the other multiple officers and bankers within Goldman who were aware of Low's role in the 1MDB bond deals and the likely bribery that had occurred in connection with these transactions.[4] *See John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003).

Among other things, AP7 is entitled to know what investigative steps the legal department took in response to this information, and what guidance ███ and other Goldman lawyers provided to ███ and ███ before they issued Goldman's statements to the press. Here, "the very nature of [AP7's] claims and [D]efendants' plausible defenses places at issue the content of the communications sought to be withheld," *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. 91, 99 (S.D.N.Y. 1993), and absent Goldman's willingness to stipulate to the element of scienter, AP7 must be able to test Goldman's factual defense that it lacked scienter. Doc. 118 ¶¶ 312-35 (denying scienter allegations). This is true regardless of whether Goldman affirmatively asserts reliance on counsel as a defense. *John Doe*, 350 F.3d at 302; *Bairnco*, 148 F.R.D. at 100 ("*[I]rrespective of the legal defenses Keene expects to raise, plaintiffs' case will perforce place at issue Keene's knowledge* . . . and the factual basis for this understanding. The opinions rendered by Keene's counsel, as well as the underlying facts and information passed to Keene from counsel, are clearly relevant to the central issue of scienter.").

In short, AP7 is entitled to discovery concerning the knowledge or recklessness of ███ and others in Goldman's legal department who authorized Goldman's public statements denying any knowledge of Low's involvement in the 1MDB bond transactions or "visibility" into the diversion of proceeds. ███

Therefore, AP7 respectfully requests that the Court grant AP7's request to depose ███ and order the production of ███'s communications with ███, and any other Goldman personnel concerning the preparation of the alleged false statements.

Respectfully submitted,

S/ *Andrew L. Zivitz*
Andrew L. Zivitz

cc: All Counsel of Record (via ECF)

---

[4] ███ account is fully corroborated by Goldman's document productions.