**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS   (1927-1950)
JOHN F. WHARTON   (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3148

WRITER'S DIRECT FACSIMILE

(212) 492-0148

WRITER'S DIRECT E-MAIL ADDRESS

rsperling@paulweiss.com

June 20, 2023

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Courtroom 17D
New York, New York 10007

Re:   *Sjunde AP-Fonden* v. *The Goldman Sachs Group, Inc. et al.*,
      No. 18-cv-12084 (VSB)

Dear Judge Parker:

      We represent Defendant The Goldman Sachs Group, Inc. ("Goldman") in the above-referenced matter. Pursuant to Rule III.d of Your Honor's Individual Practices in Civil Cases, Goldman respectfully requests to file under seal certain portions of the parties' joint letter to the Court that is being filed today (the "Joint Letter"). Recognizing Your Honor's ruling that sealing the entirety of the parties' letters in this privilege dispute is "not narrowly tailored to preserve higher values," (ECF No. 234 (quotation marks omitted)), Goldman seeks only to redact the names of individual Goldman employees and sensitive proprietary business or personal information.[1]

---

[1] Pursuant to that same ruling, Goldman is today submitting proposed redacted versions of the prior letters that have been filed in this dispute (*see* ECF Nos. 203, 227. 230), redacting the same categories of information, on the same basis as set forth in this letter motion.

Courts may seal records under their "inherent equitable powers . . . over their own process to prevent abuses, oppression, and injustices." *Int'l Prods. Corp.* v. *Koons*, 325 F.2d 403, 407–08 (2d Cir. 1963) (quotation marks omitted). Documents may be sealed on a finding that doing so is "essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re N.Y. Times Co.*, 828 F.2d. 110, 116 (2d Cir. 1987)). While there is a "common law presumption of access" to judicial documents, *id.* at 119, the "weight of the presumption is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch*, 828 F.2d at 119–20).

The presumption of public access is at its weakest "in the context of a discovery motion, such as a motion to compel." *Nespresso USA, Inc.* v. *Williams-Sonoma, Inc.*, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021). That is because the authority to adjudicate discovery disputes "is ancillary to the court's core role in adjudicating a case." *Brown* v. *Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). As such, the presumption of public access for discovery filings "is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.*; *see also Lugosch*, 435 F.3d at 121 (explaining that "[t]he weight of the presumption of access may vary according to the outcome of the motion under consideration by the court" and concluding that "where a district court *denied* the summary judgment motion, essentially postponing a final determination of substantive legal rights, the public interest in access [was] not as pressing"); *United States* v. *Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) (holding that "discovery materials filed with the court in connection with discovery-related disputes are not covered by the qualified right of access"); *Schiller* v. *City of New York*, 2006 WL 2788256, at *4 (S.D.N.Y. Sept. 27, 2006) (holding that there is no presumption of public access over "motions, memoranda, and supporting documents relating to a discrete discovery issue"); *United States* v. *Gangi*, 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998) ("Materials submitted to a court for its consideration of a discovery motion are actually one step further removed from the trial process than the discovery materials themselves, materials that the Supreme Court has said are not subject to the public's right of access." (citation omitted)).

Here, the portions of the Joint Letter Goldman is asking the Court to leave under seal concerns a paradigmatic discovery dispute: whether Plaintiff is entitled to obtain documents and information by way of deposition that both sides agree are protected by the attorney-client privilege. No public right of access attaches to the discovery materials themselves.

Furthermore, the privacy interests of Goldman and its employees further weigh heavily in favor of under seal the two particular types of information that are redacted in the Joint Letter: (1) the names and titles of individual Goldman employees who are not named as defendants or implicated in any wrongdoing; and (2) quotes from and descriptions of deposition testimony that has been designated "Confidential" or "Highly Confidential" under the parties' Stipulated Protective Order (ECF No. 135) (the "PO").

*First*, the names and titles of individual Goldman employees implicated by this dispute have been redacted to protect those individuals' privacy—particularly given those individuals'

reasonable expectations of confidentiality given the designation of their testimony under the PO. The Second Circuit has held that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (alterations and citation omitted). There is simply no need to make public the identities of individual Goldman employees to resolve this dispute, particularly in a high-profile matter like this one which has garnered a large amount of media attention. The Court should allow these employees' names to be redacted lest these "court files might have become a vehicle for improper purposes." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

*Second*, the Joint Letter quotes, refers to, and/or analyzes "Confidential" or "Highly Confidential" deposition testimony under the PO.[2] Certainly, the mere designation of discovery materials under a PO does not itself satisfy the standard for sealing those materials once they become judicial documents. *See Doe* v. *U.S. Immigrations & Customs Enforcement*, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021). But here, the deposition transcripts are precisely the type of proprietary, private, information courts typically protect from public disclosure.[3] Furthermore, Confidentiality designations would be rendered a nullity if litigants could disclose an adversary's confidential information merely by quoting or citing it in a discovery dispute submitted to the court. *See, e.g.*, *Leucadia, Inc.* v. *Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("[A] holding that discovery motions and supporting materials are subject to a presumptive right of access would make raw discovery, ordinarily inaccessible to the public, accessible merely because it had to be included in motions precipitated by inadequate discovery responses or overly aggressive discovery demands."); *Anderson* v. *Cryovac, Inc.*, 805 F.2d 1, 12 (1st Cir. 1986) (holding that if public access to discovery matters were mandatory, "the civil discovery process might actually be made more complicated and burdensome than it already is").

Pursuant to Rule III.d of Your Honor's Individual Rules, an unredacted version of the Joint Letter is being filed under seal, as well as a public version of the Joint Letter with the proposed redactions applied.

---

[2] The PO defines "Confidential" and "Highly Confidential" materials as, respectively, "confidential trade secrets, proprietary business information, or non-public personal, client, or customer information" and "highly sensitive information . . . the unauthorized disclosure of which would result in competitive, commercial, or financial harm to the disclosing Party or Non-Party, or its personnel, clients or customers." PO ¶¶ 2.2, 2.7.

[3] *E.g.*, *Nespresso USA, Inc.*, 2021 WL 1812199, at *3 ("The parties have verified that the letter motion references information passed between the parties in discovery and that the documents have been designated as 'Outside Counsel Eyes Only' or 'Attorneys' Eyes Only' under the parties' protective order. The Court agrees that this information and the documents can be redacted and filed under seal."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154 (S.D.N.Y. 2015) (holding that, for "information regarding proprietary modeling assumptions . . . and pricing information," privacy interests overcame presumption of public access); *Travelers Indem. Co.* v. *Excalibur Reinsurance Corp.*, 2013 WL 4012772, at *6, 10 (D. Conn. Aug. 5, 2013) (sealing portions of a motion to compel, relying—as "one factor in [the court's] analysis" on a confidentiality agreement designating materials "a party believes, in good faith, includes personal information or confidential, commercial, proprietary business information or nonpublic financial data, or implicates the commercial, proprietary or reputational interests of third parties").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

        Respectfully submitted,

        */s/ Robert Y. Sperling*
        Robert Y. Sperling

cc:    All Counsel of Record (via ECF)