PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3148

WRITER'S DIRECT FACSIMILE
(212) 492-0148

WRITER'S DIRECT E-MAIL ADDRESS
rsperling@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
LYNN B. BAYARD
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
PAUL D. BRACHMAN
GERALD BRANT
ROBERT A. BRITTON
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
JOHN P. CARLIN
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
REBECCA S. COCCARO
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
TIHITINA DAGNEW
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
KATHERINE B. FORREST
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
MANUEL S. FREY
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
IAN M. HAZLETT
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
CHRISTOPHER HOPKINS
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
LUKE JENNINGS
JEH C. JOHNSON
MATTHEW B. JORDAN
CHRISTODOULOS KAOUTZANIS
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
ROBERT A. KILLIP
BRIAN KIM
KYLE J. KIMPLER
JEFFREY L. KOCHIAN
ALEXIA D. KORBERG
DANIEL J. KRAMER
ANDREW D. KRAUSE
BRIAN KRAUSE
CAITH KUSHNER
KAISA KUUSK
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
SEAN A. MITCHELL
ERIN J. MORGAN
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
SUNG PAK
CRYSTAL L. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
ANASTASIA V. PETERSON
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
VALERIE E. RADWANER
JEFFREY J. RECHER
LORIN L. REISNER
JEANNIE S. RHEE*
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY B. SAMUELS
PAUL L. SANDLER
AARON J. SCHLAPHOFF
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM
SUHAN SHIM
CULLEN L. SINCLAIR
MAURY SLEVIN
KYLE SMITH
AUDRA J. SOLOWAY
SCOTT M. SONTAG
JOSHUA H. SOVEN*
MEGAN SPELMAN
ROBERT Y. SPERLING
EYITAYO ST. MATTHEW-DANIEL
SARAH STASNY
AIDAN SYNNOTT
ROBERT D. TANANBAUM
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
SAMUEL J. WELT
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
ADAM WOLLSTEIN
STACI YABLON
BOSCO YIU*
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
KENNETH S. ZIMAN
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

March 20, 2023

**VIA ECF (UNDER SEAL)**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

Re: *Sjunde AP-Fonden* v. *The Goldman Sachs Group, Inc. et al.*, No. 18-cv-12084 (VSB)

Dear Judge Broderick:

We are writing on behalf of Defendant, The Goldman Sachs Group, Inc. ("Goldman"), in response to the March 15, 2023 letter submitted by Plaintiff Sjunde AP-Fonden ("AP7") (ECF No. 227). As detailed below: (1) nothing in AP7's latest submission provides any additional reason entitling AP7 to access admittedly privileged communications and the deposition of one attorney, and (2) AP7's belated gambit to access privileged communications of other attorneys far beyond the challenged statements is unfounded.

1. **Plaintiff's Supplemental Letter Provides No Additional Support for Its Original Request for ▮▮▮▮▮ Privileged Communications**

As set forth in the parties' November 22, 2022 joint letter (ECF No. 204, the "Joint Letter"), AP7 asked the Court to allow the deposition of a single Goldman in-house counsel, ▮▮▮▮▮, and to require the production of certain corresponding written privileged communications pertaining to the drafting of the challenged statements at issue. The sole justification AP7 gave for its original request to pierce Goldman's privilege was that one Goldman employee—▮▮▮▮▮, a Goldman corporate communications employee who was neither a Goldman executive nor officer—▮▮▮▮▮ ▮▮▮▮▮ which, according to AP7, effected an "implied waiver" of Goldman's privilege. As Goldman showed then, and reasserts now, AP7's position is wrong because: (i) ▮▮▮▮▮ had no authority to waive Goldman's privilege; (ii) Goldman is not relying on legal advice as a defense, and thus has not put its privileged communications at issue; and (iii) any legal advice provided to ▮▮▮▮▮ is irrelevant to Goldman's corporate scienter. (*Id.* at 3–5.)

AP7's new letter has not changed this analysis, and it does not identify any new legal authority in support of its position. Nor for the most part does AP7 identify, notwithstanding what it says, "additional facts developed during the final phase of fact discovery" and "recently-elicited testimony." To the contrary, most of the deposition testimony that AP7 now provides the Court was elicited before the Joint Letter was submitted last November, and therefore was available when AP7 made its original request. If this testimony was so important to answering the question before the Court, AP7 could have provided it earlier. In any event, for at least the following two reasons, none of the testimony—whether old or, in limited instances, more recent—provides any additional basis for AP7's position that Goldman's privilege as to ▮▮▮▮▮ communications has been waived.

First, to the extent that the testimony AP7 is now submitting relates to the press statements at issue in this case, it is of a piece with the testimony of ▮▮▮▮▮ that AP7 relied on before: namely, ▮▮▮▮▮ ▮▮▮▮▮.[1] But, as Goldman explained in the Joint Letter, it was ordinary course for Goldman employees to seek legal advice when issuing public statements about 1MDB, particularly since Goldman was, at the time of the statements at issue, involved in government inquiries, and its employees needed to navigate

---

[1] ▮▮▮▮▮

the firm's legal and regulatory obligations. (Joint Letter at 3 n.5.) Indeed, AP7 continues to concede that the communications are privileged.

Second, the remaining testimony identified has nothing to do with press communications at all, let alone ███████, who AP7 wants to depose, and is thus largely outside the bounds of its request.[2] And, as before, none of the witnesses whose testimony AP7 is relying on had the authority to waive Goldman's privilege. Goldman still is not asserting any advice-of-counsel defense, and none of the individual testimony relied on by AP7 concerns Goldman's corporate scienter concerning the preparation of the alleged misstatements at issue.

### 2. Plaintiff's Supplemental Letter Does Not Support Its Apparently Expanded Request for Additional Privileged Communications

While AP7 sought only ███████ deposition in the Joint Letter, AP7 now says that its request extends as well to "*others in Goldman's legal department*," a position AP7 never mentioned when it sought Goldman's consent to submission of supplemental authority to further support its position in the Joint Letter to depose ███████. AP7 presents no reason that it is entitled to expand its original request. To be sure, while Goldman disagrees with AP7's analysis, AP7's position initially was limited, not just to a single attorney, but to those communications surrounding in time and content the making of the challenged press statements. Nothing in AP7's March 15 letter offers any foundation in fact or law for why other unidentified lawyers in Goldman's legal department fall within the purview of its original request for communications leading to the challenged statements. And insofar as AP7 is suggesting that this Court should find that privilege cannot attach at all to any communications involving 1MDB or Jho Low, irrespective of their timing in relation to the challenged statements and without identifying the attorneys in scope, AP7 offers no rationale at all for such a sweeping proposition. *See Gardner v. Major Auto. Companies, Inc.*, 2014 WL 1330961, at *6 (E.D.N.Y. Mar. 31, 2014) ("[R]ules which result in the waiver of [attorney-client] privilege and thus possess the potential to weaken attorney-client trust, should be formulated with caution.") (quoting *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008)). AP7 is of course free to use any non-privileged evidence however it sees fit in support of its "claim that Goldman issued [certain] statements with scienter." But, no additional discovery from ███████ or any other Goldman lawyer, is in any way necessary to do so.

\* \* \*

---

[2] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

        AP7's new letter neither further supports its request for ▮▮▮▮▮▮ privileged communications nor provides any basis for its apparently expanded request for additional privileged communications. Its request, both as originally and then more recently framed, should be denied.

                                  Respectfully submitted,

                                  */s/ Robert Y. Sperling*
                                  Robert Y. Sperling

cc:    All counsel of record