**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL     (1946-1956)
SIMON H. RIFKIND     (1950-1995)
LOUIS S. WEISS       (1927-1950)
JOHN F. WHARTON      (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3148

WRITER'S DIRECT FACSIMILE

(212) 492-0148

WRITER'S DIRECT E-MAIL ADDRESS

rsperling@paulweiss.com

July 25, 2023

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Courtroom 17D
New York, New York 10007

    Re: *Sjunde AP-Fonden* v. *The Goldman Sachs Group, Inc. et al.*,
       No. 18-cv-12084 (VSB)

Dear Judge Parker:

  We represent Defendant The Goldman Sachs Group, Inc. ("Goldman") in the above-referenced matter. Pursuant to Rule III.d of Your Honor's Individual Practices in Civil Cases, Goldman respectfully requests that the Court redact the name of the Goldman in-house counsel who was named in the Court's Opinion and Order on Plaintiff's Motion to Compel (Dkt. 263). Plaintiff does not oppose this request.

  In connection with this dispute which was the subject of the Court's order, the Court allowed Goldman to redact from public filings, among other things, the names of Goldman employees who are not named as defendants or implicated in any wrongdoing. (Dkt. 234, 256.) The Court's Order, which denied Plaintiff's request for production of privileged materials, includes the name of the Goldman in-house attorney which the Court has previously permitted to remain under seal.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

    For the same reasons set forth in its prior motions to seal (Dkt. 205, 230, 238), and in this Court's Orders (Dkt. 234, 256), Goldman respectfully requests that the Court expeditiously redact the name of the Goldman in-house attorney who was mentioned in the Court's Order.

    We stand ready to answer any questions from the Court.

    Respectfully submitted,

    */s/ Robert Y. Sperling*
    Robert Y. Sperling

cc:    All Counsel of Record (via ECF)

---

**Application denied.** The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted). In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is a judicial document. Second, the court must determine the weight of the presumption that attaches to the document. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents `determin[e] litigants' substantive rights,' and [the presumption] is weaker where the `documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*.

Here, the Court previously determined that, as to the parties' prior letters and the Case Management Conference transcripts, the weight of the presumption of public access was relatively low due to the minimal role of the material at issue in the exercise of Article III judicial power, and accordingly the Court permitted the parties to redact certain information, including the name of a Goldman attorney who is not a party in this case. However, the document in question here is a Court order. The Court finds that the weight of the presumption of public access to the full contents of this Order is high, and the public's interest in the full scope of the Court's Order outweighs the private interest of the attorney in keeping his name confidential, particularly in light of the fact that the attorney's employment with Goldman is public knowledge, and because he has not been implicated in any wrongdoing in connection with this action. The parties have not proffered any meaningful harm that would result from the public disclosure of this information. Accordingly, the motion to redact the attorney's name from the Court's order is denied.

SO ORDERED:

*Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE  7/27/2023