## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SJUNDE AP-FONDEN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>THE GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, AND GARY D. COHN,<br><br>       Defendants. | Civil Case No. 1:18-cv-12084-VSB |

## DEFENDANT THE GOLDMAN SACHS GROUP, INC.'S ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT

Defendant The Goldman Sachs Group, Inc. ("Goldman Sachs" or "Defendant"), by its undersigned counsel, responds as follows to the allegations in the Third Amended Class Action Complaint, filed by Lead Plaintiff Sjunde AP-Fonden ("Plaintiff") on August 4, 2023 (the "Complaint"). All responses herein are based on information known to Goldman Sachs as of the date hereof, and Goldman Sachs reserves the right to supplement or amend its responses based on new information.

As a preliminary matter, in or about October 2020, Goldman Sachs and certain of its subsidiaries entered into various agreements to resolve investigations by government authorities in the United States, Malaysia, and elsewhere pertaining to its conduct relating to 1MDB. These resolutions included an agreement with the government of Malaysia and a resolution with criminal and civil authorities in the United States, the United Kingdom, Hong Kong, and Singapore. Goldman Sachs entered into a three-year Deferred Prosecution Agreement ("DPA") with the Department of Justice ("DOJ"), which incorporates by reference a Statement of Facts ("SOF," attached as Exhibit A to the DPA), and Goldman Sachs has admitted that the facts described in the

SOF are true and accurate. To the extent Goldman Sachs denies any of Plaintiff's allegations herein in whole or in part or asserts any affirmative defenses thereto, none of those denials or affirmative defenses is intended to dispute nor should any of them be construed in any way as a denial of any statement in the SOF or any corresponding resolution. Accordingly, except as admitted otherwise in the SOF or with respect to those specific allegations expressly admitted herein, Goldman Sachs incorporates into each of its responses a denial of all allegations in the Complaint (including those outside of the knowledge and information of Goldman Sachs), and denies any averments in the Table of Contents, headings, and/or subheadings of the Complaint. Goldman Sachs intends to respond only as to allegations directed at Goldman Sachs individually and, where Goldman Sachs responds to allegations that concern "Defendants" and not Goldman Sachs individually, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the other Defendants unless and to the extent Goldman Sachs expressly states otherwise. Goldman Sachs expressly denies that Plaintiff has standing to sue or to represent a putative class of similarly situated individuals and/or entities, in connection with its claims.

For the sake of clarity, and unless otherwise expressly stated, Goldman Sachs herein adopts the defined terms and phrases set forth in the Complaint. In so doing, however, Goldman Sachs does not concede that any such definitions are proper.

Moreover, on June 28, 2021, this Court issued an Opinion and Order (the "Order") dismissing (i) individual Defendant Harvey M. Schwartz and (ii) certain categories of alleged misstatements and/or corrective partial disclosures. To the extent the Order dismissed certain alleged misstatements and/or corrective partial disclosures, no response relating to those allegations is required.

With regard to the specific allegations in the Complaint, Goldman Sachs further responds as follows:[1]

<h1 style="text-align:center">ANSWER</h1>

Goldman Sachs denies the allegations of the initial paragraphs of the Complaint, except admits and avers that these paragraphs of the Complaint purport to describe the nature of this action and the putative class that Plaintiff seeks to represent.

1.    Goldman Sachs denies that the allegations in paragraph 1 present a fair and complete description of the matters described therein, except (a) respectfully refers the Court to the SOF, the admissions of which are incorporated herein by reference, (b) admits that Malaysia filed criminal charges against three subsidiaries of Goldman Sachs and seventeen current and former employees of those subsidiaries, and (c) further refers the Court to the article and documents specifically and generally referenced therein, including the DOJ's criminal information filed against Mr. Leissner, the transcript of Mr. Leissner's guilty plea, and the DOJ's indictment against Mr. Ng,[2] for a complete and accurate statement of their contents.

2.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 2 is addressed in part in, among other places, paragraphs 7, 24-25, 27, and 49 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 2.

3.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 3 is addressed in part in, among other places, paragraphs 23, 51, and 57 of the SOF,

---

[1]    To the extent an enumerated paragraph of the Complaint contains one or more footnotes, the response to that paragraph herein refers to both the text and any footnotes corresponding to that text.

[2]    Mr. Ng was convicted on Foreign Corrupt Practices Act and money laundering charges in 2022. He was sentenced to 10 years in prison on March 9, 2023. Stewart Bishop, *Ex-Goldman Exec Gets 10 Years for 1MDB Corruption*, LAW360, https://www.law360.com/articles/1584184 (Mar. 9, 2023).

the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 3 present a fair and complete description of the matters described therein.

4.     Goldman Sachs denies the allegations in paragraph 4.

5.     Goldman Sachs denies the allegations in paragraph 5, except respectfully refers the Court to the matters referenced therein for a complete and accurate statement of their contents.

6.     Goldman Sachs denies that the allegations in paragraph 6 present a fair and complete description of the matters described therein, except admits that Goldman Sachs created a Business Standards Committee ("BSC") in 2010, and respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

7.     Goldman Sachs denies the allegations in paragraph 7, except to the extent paragraph 7 purports to paraphrase, summarize, or quote documents, respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

8.     Goldman Sachs denies that the allegations in paragraph 8 present a fair and complete description of the matters described therein, except (a) avers that the subject matter referenced in certain of the allegations in paragraph 8 is addressed in part in the judgment from the United Kingdom's High Court of Justice, Chancery Division, Case No. HC-2014-000197, relating to LIA's lawsuit against Goldman Sachs International (the "UK Judgment") and respectfully refers the Court to the UK Judgment, (b) admits and avers that there were investigations by certain U.S. government authorities relating to LIA, (c) admits and avers that Mr. Vella was named Co-Head of the Financing Group in Asia Ex-Japan in or about May 2014 and named Co-Head of the Investment Banking Division in Asia Ex-Japan in or about May 2015, and (d) to the extent paragraph 8 purports to paraphrase, summarize, or quote documents, respectfully

refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

9.      Goldman Sachs denies the allegations in paragraph 9, except admits and avers that Messrs. Leissner and Vella worked on the 1MDB bond offerings during the course of their employment with Goldman Sachs and/or its subsidiaries.

10.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 10 is addressed in part in, among other places, paragraphs 21 and 26 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 10.

11.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 11 is addressed in part in, among other places, paragraph 27 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 11, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 11.

12.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 12 is addressed in part in, among other places, paragraph 29 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 13 is addressed in part in, among other places, paragraphs 28-31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 13.

14.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 14 is addressed in part in, among other places, paragraph 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 14.

15.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 15 is addressed in part in, among other places, paragraphs 24 and 33-41 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 15 present a fair and complete description of the matters described therein.

16.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 16 is addressed in part in, among other places, paragraphs 41, 53-55, and 60-63 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 16.

17.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 17 is addressed in part in, among other places, paragraphs 28-31, 34-36, 40, 43-46, 60-61, 72, and 74 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 17 present a fair and complete description of the matters described therein.

18.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 18 is addressed in part in, among other places, paragraph 62 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 18 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

19.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 19 is addressed in part in, among other places, paragraphs 24, 41-42, 59, and 62 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 19 present a fair and complete description of the matters described therein.

20.     Goldman Sachs denies the allegations in paragraph 20.

21.     Goldman Sachs denies the allegations in paragraph 21, except denies that the allegations in subparagraph c present a fair and complete description of the matters described therein and, to the extent paragraph 21 purports to paraphrase, summarize, or quote documents, respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

22.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 22 is addressed in part in, among other places, paragraphs 51-52, 57, 59, and 64 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 22 present a fair and complete description of the matters described therein.

23.     Goldman Sachs denies the allegations in paragraph 23, except respectfully refers the Court to the Federal Reserve Board Consent Order to Cease and Desist, dated October 22, 2020 ("Federal Reserve Consent Order"), for a complete and accurate statement of its contents and provides no further response in light of various privileges that prohibit disclosure.

24.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 24 is addressed in part in, among other places, paragraph 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations

in paragraph 24 present a fair and complete description of the matters described therein, except respectfully refers the Court to the document referenced and quoted therein for a complete and accurate statement of its contents.

25.    To the extent the allegations in paragraph 25 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 25 is addressed in part in, among other places, paragraphs 32 and 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 25, except respectfully refers the Courts to the articles and SEC filings referenced and quoted therein for a complete and accurate statement of their contents.

26.    To the extent the allegations in paragraph 26 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 26, except admits and avers that Plaintiff purports to bring this action as described therein and respectfully refers the Court to the SOF and other resolutions for a complete and accurate statement of their terms.

27.    The allegations in paragraph 27 consist of legal conclusions, to which no response is required. To the extent a response is required, Goldman Sachs admits and avers that Plaintiff purports to bring claims under the statutes, rules, and regulations cited therein.

28.    The allegations in paragraph 28 consist of legal conclusions, to which no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 28, except admits and avers that Plaintiff purports to base venue in this action on the statutes cited therein.

29.    To the extent the allegations in paragraph 29 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 29, except admits and avers that Goldman Sachs has an office in New York, New York, and its common stock is listed and traded on the New York Stock Exchange ("NYSE").

30.    The allegations in paragraph 30 consist of legal conclusions, to which no response is required.

31.    To the extent the allegations in paragraph 31 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, except respectfully refers the Court to Exhibit A referenced therein for a complete and accurate statement of its contents.

32.    Goldman Sachs denies that the allegations in paragraph 32 present a fair and complete description of the matters described therein, except admits and avers that Goldman Sachs is incorporated under the laws of the State of Delaware, has its principal place of business at 200 West Street in New York, New York, offers a range of financial services in numerous countries around the world and its common stock is listed and traded on the NYSE under the symbol "GS."

33.    Goldman Sachs denies that the allegations in paragraph 33 present a fair and complete description of the matters described therein, except admits and avers that Mr. Blankfein (a) was Chief Executive Officer of Goldman Sachs from in or about June 2006 to September 30, 2018, (b) was elected to Goldman Sachs' Board of Directors in or about 2003, (c) was Chairman of the Goldman Sachs' Board of Directors from in or about June 2006 to December 31, 2018, (d) became Senior Chairman of the Board of Directors on January 1, 2019, and respectfully refers the

Court to the SEC filings referenced therein for a complete and accurate statement of their contents, including the identification of the signatories of those filings.

34.    Goldman Sachs denies that the allegations in paragraph 34 present a fair and complete description of the matters described therein, except admits and avers that Mr. Cohn (a) served as President and Chief Operating Officer of Goldman Sachs from in or about June 2006 to December 31, 2016, (b) was a director on the Goldman Sachs' Board of Directors from in or about June 2006 to December 31, 2016, (c) was a member of the firm's Management Committee from in or about January 2002 to December 31, 2016, (d) was chairman of the Firmwide Client and Business Standards Committee from in or about January 25, 2011 to December 31, 2016, and respectfully refers the Court to the SEC filings referenced therein for a complete and accurate statement of their contents, including the identification of the signatories of those filings.

35.    Goldman Sachs denies that the allegations in paragraph 35 present a fair and complete description of the matters described therein, except admits and avers that Mr. Evans (a) joined Goldman Sachs International in 1993, (b) was named a partner in 1994, (c) was named a vice chairman of Goldman Sachs in 2008, (d) was named Global Head of the firm's Growth Markets division in 2011, (e) co-chaired the BSC from in or about 2010 to 2013, and (f) was a member of the firm's Management Committee from in or about 2002 to December 31, 2013.

36.    Goldman Sachs denies that the allegations in paragraph 36 present a fair and complete description of the matters described therein, except admits and avers that Mr. Leissner (a) joined Goldman Sachs (Asia) L.L.C. in 1998 and transferred to Goldman Sachs (Singapore) Pte. in 2002, (b) became a partner in 2006, (c) was named Head of Investment Banking for South East Asia in or about October 2006, (d) was named Head of Investment Banking Services in Asia Ex-Japan in or about March 2012, (e) was named Chairman of Southeast Asia in or about July

2014, (f) served on the firm's Partnership Committee from in or about 2014 to 2016, (g) resigned from the firm in February 2016, (h) was the subject of a criminal complaint and, on August 28, 2018, pled guilty to two criminal counts and respectfully refers the Court to the public record of the criminal proceeding, *United States of America v. Leissner*, No. 1:18-cr-00439-MKB (E.D.N.Y.), for its contents and status.

37.    Goldman Sachs denies that the allegations in paragraph 37 present a fair and complete description of the matters described therein, except admits and avers that Mr. Ng (a) joined Goldman Sachs (Asia) L.L.C. in or about 2005, (b) was a managing director from in or about January 2010 to May 2014, (c) was indicted by federal prosecutors and respectfully refers the Court to the public record of the criminal proceeding, *United States of America v. Ng Chong Hwa a.k.a Roger Ng*, No. 1:18-cr-00538-MKB-2 (E.D.N.Y), for its contents and status.[3]

38.    Goldman Sachs denies that the allegations in paragraph 38 present a fair and complete description of the matters described therein, except admits and avers that Mr. Ryan (a) was President in Asia Pacific Ex-Japan from in or about 2011 to 2013 and (b) was a member of the firm's Management Committee from in or about 2011 to 2013.

39.    Goldman Sachs denies that the allegations in paragraph 39 present a fair and complete description of the matters described therein, except admits and avers that Mr. Shawki (a) was a managing director from in or about June 2006 to June 2008, and then again from June 2011 to October 2019 and (b) was Head of the Investment Banking Division in the Middle East and North Africa from in or about February 2012 to October 2019.

---

[3]    Mr. Ng was convicted on Foreign Corrupt Practices Act and money laundering charges in 2022. He was sentenced to 10 years in prison on March 9, 2023. Stewart Bishop, *Ex-Goldman Exec Gets 10 Years for 1MDB Corruption*, LAW360, https://www.law360.com/articles/1584184 (Mar. 9, 2023).

40.    Goldman Sachs denies that the allegations in paragraph 40 present a fair and complete description of the matters described therein, except admits and avers that Mr. Solomon (a) joined Goldman Sachs & Co. LLC in 1999, (b) became a partner in or about September 1999, (c) was the Global Head of the firm's Financing Group from in or about September 1999 to July 2006, (d) served as Co-Head of the firm's Investment Banking Division from in or about July 2006 to September 2018, (e) was President and Chief Operating Officer of Goldman Sachs from in or about January 2017 to September 2018, (f) has served as Chief Executive Officer of Goldman Sachs since October 2018, and (g) has served as Chairman of the Goldman Sachs' Board of Directors since January 2019.

41.    Goldman Sachs denies that the allegations in paragraph 41 present a fair and complete description of the matters described therein, except admits and avers that Mr. Vella (a) joined Goldman Sachs Services Limited as a partner in or about October 2007, (b) relocated to Asia and was employed by Goldman Sachs (Asia) L.L.C. effective in or about January 2010, (c) was named Co-Head of the Financing Group in Asia Ex-Japan from in or about May 2014, (d) was named Co-Head of the Investment Banking Division in Asia Ex-Japan in or about May 2015, and (d) was placed on administrative leave in or about November 2018.

42.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, except (a) respectfully refers the Court to the SOF in the DPA for a complete and accurate statement of its contents and admits that the statements in the SOF regarding Low are true, and (b) admits Low was indicted by federal prosecutors and refers the Court to the public record of the criminal proceeding, *United States of America v. Low Taek Jho a.k.a. Jho Low*, 1:18-cr-00538-MKB-1 (E.D.N.Y), for its contents and status.

43.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, except admits that Razak was the Prime Minister of Malaysia from 2009 to 2018.

44.    Goldman Sachs denies that the allegations in paragraph 44 present a fair and complete description of Goldman Sachs' organizational structure, business, or operations, and respectfully refers the Court to Goldman Sachs' SEC filings and the referenced annual report for a more complete description of such matters.

45.    Goldman Sachs denies that the allegations in paragraph 45 present a fair and complete description of Goldman Sachs' organizational structure, business, or operations, and respectfully refers the Court to (a) Goldman Sachs' SEC filings and the referenced annual report for a more complete description of such matters and (b) the documents referenced and quoted in paragraph 46 for a complete and accurate statement of their contents.

46.    Goldman Sachs denies that the allegations in paragraph 46 present a fair and complete description of the matters described therein, except admits and avers that (a) the Business Intelligence Group currently resides in the Goldman Sachs Legal Department and (b) Mr. Palm was a partner, General Counsel of Goldman Sachs and Head or Co-Head of the firm's Legal Department from in or about May 1992 to January 2019, and a member of the Management Committee from in or about 1999 to January 2019, and respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

47.    Goldman Sachs denies that the allegations in paragraph 47 present a fair and complete description of the matters described therein, except admits and avers that Mr. Cohen was a partner, a vice president, the firm's Head of Global Compliance from in or about 2004 to 2016,

and a member of the Management Committee, and respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

48.    Goldman Sachs denies the allegations in paragraph 48, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

49.    Goldman Sachs denies the allegations in paragraph 49, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

50.    Goldman Sachs denies that the allegations in paragraph 50 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

51.    Goldman Sachs denies that the allegations in paragraph 51 present a fair and complete description of the matters described therein, except admits and avers that (a) the creation of the BSC was announced at Goldman Sachs' 2010 shareholder meeting and (b) Messrs. Cohen, Evans, and Solomon were members of the BSC in or about 2013, and respectfully refers the Court to the May 2013 Business Standards Committee Impact Report ("BSC Impact Report") referenced and quoted in paragraph 52 for a complete and accurate statement of its contents.

52.    Goldman Sachs denies that the allegations in paragraph 52 present a fair and complete description of the matters described therein, except admits and avers that BSC issued a report in January 2011 and respectfully refers the Court to the BSC Report referenced and quoted therein for a complete and accurate statement of its contents.

53.    Goldman Sachs denies that the allegations in paragraph 53 present a fair and complete description of the matters described therein, and respectfully refers the Court to the BSC Report referenced and quoted therein for a complete and accurate statement of its contents.

54.    Goldman Sachs denies that the allegations in paragraph 54 present a fair and complete description of the matters described therein, and respectfully refers the Court to the BSC Report and BSC Impact Report referenced therein for a complete and accurate statement of their contents.

55.    Goldman Sachs denies that the allegations in paragraph 55 present a fair and complete description of the matters described therein, except admits and avers that Messrs. Blankfein, Cohn, Evans, Ryan, M. Schwartz, Sherwood, and Solomon were among the members of the Management Committee in or about 2012, and respectfully refers the Court to Goldman Sachs' 2012 Annual Report referenced and quoted therein for a complete and accurate statement of its contents.

56.    Goldman Sachs denies that the allegations in paragraph 56 present a fair and complete description of the matters described therein, except admits and avers that certain firmwide committees, including the Firmwide Capital Committee, reviewed and/or approved each of the three 1MDB bond offerings, and respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

57.    Goldman Sachs denies that the allegations in paragraph 57 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

58.     Goldman Sachs denies that the allegations in paragraph 58 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

59.     Goldman Sachs denies that the allegations in paragraph 59 present a fair and complete description of the matters described therein, except admits and avers that Messrs. Blankfein and Cohn signed a letter to shareholders included in Goldman Sachs' 2013 Annual Report, and respectfully refers the Court to the annual report referenced and quoted therein for a complete and accurate statement of its contents.

60.     Goldman Sachs denies the allegations in paragraph 60.

61.     Goldman Sachs denies that the allegations in paragraph 61 present a fair and complete description of the matters described therein.

62.     Goldman Sachs denies the allegations in paragraph 62, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

63.     Goldman Sachs denies that the allegations in paragraph 63 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article cited therein for a complete and accurate statement of its contents.

64.     Goldman Sachs denies that the allegations in paragraph 64 present a fair and complete description of the matters described therein, except respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

65.     Goldman Sachs denies that the allegations in paragraph 65 present a fair and complete description of the matters described therein, except (a) admits that Mr. Vella was a partner at Goldman Sachs Services Limited from in or about October 2007 to December 2009 and Goldman Sachs Services (B.V.I.) Limited from in or about December 2009 to January 2010 and

(b) avers that the subject matter referenced in certain of the allegations in paragraph 65 is addressed in part in the UK Judgment, and respectfully refers the Court to the UK Judgment and the article referenced and quoted therein for a complete and accurate statement of their contents.

66.     Goldman Sachs denies that the allegations in paragraph 66 present a fair and complete description of the matters described therein, except avers that the subject matter referenced in certain of the allegations in paragraph 66 is addressed in part in the UK Judgment and respectfully refers the Court to the UK Judgment and, to the extent paragraph 66 purports to paraphrase, summarize, or quote documents, Goldman Sachs refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

67.     Goldman Sachs denies that the allegations in paragraph 67 present a fair and complete description of the matters described therein, except avers that the subject matter referenced in certain of the allegations in paragraph 67 is addressed in part in the UK Judgment and respectfully refers the Court to the UK Judgment and, to the extent paragraph 67 purports to paraphrase or summarize documents, Goldman Sachs refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

68.     Goldman Sachs denies that the allegations in paragraph 68 present a fair and complete description of the matters described therein, except avers that the subject matter referenced in certain of the allegations in paragraph 68 is addressed in part in the UK Judgment and respectfully refers the Court to the UK Judgment and, to the extent paragraph 68 purports to paraphrase or summarize documents, Goldman Sachs refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

69.     Goldman Sachs denies that the allegations in paragraph 69 present a fair and complete description of the matters described therein, except (a) admits that Goldman Sachs

International entered into a series of derivative transactions with LIA, (b) avers that the subject matter referenced in certain of the allegations in paragraph 69 is addressed in part in the UK Judgment and respectfully refers the Court to the UK Judgment, and (c) to the extent paragraph 69 purports to paraphrase, summarize, or quote documents, Goldman Sachs refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

70.     Goldman Sachs denies that the allegations in paragraph 70 present a fair and complete description of the matters described therein, except (a) avers that the subject matter referenced in certain of the allegations in paragraph 70 is addressed in part in the UK Judgment and respectfully refers the Court to the UK Judgment and (b) to the extent paragraph 70 purports to paraphrase or summarize documents, Goldman Sachs refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

71.     To the extent the allegations in paragraph 71 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 71, except admits and avers that there were investigations by certain U.S. government authorities relating to LIA.

72.     Goldman Sachs denies the allegations in paragraph 72, except admits and avers that there were investigations by certain U.S. government authorities relating to the LIA, and respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

73.     Goldman Sachs denies the allegations in paragraph 73, except admits and avers that (a) Mr. Sherwood, a vice chairman of Goldman Sachs from in or about 2008 to 2016 and Co-Chief Executive Officer of Goldman Sachs International from in or about 2005 to 2016, was one of seventeen individuals criminally charged by Malaysian authorities, and (b) Mr. Vella was named

Co-Head of the Financing Group in Asia Ex-Japan in or about May 2014 and Co-Head of the Investment Banking Division in Asia Ex-Japan in or about May 2015.

74.    Goldman Sachs denies the allegations in paragraph 74.

75.    Goldman Sachs denies that the allegations in paragraph 75 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

76.    Goldman Sachs denies the allegations in paragraph 76, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

77.    Goldman Sachs denies that the allegations in paragraph 77 present a fair and complete description of the matters described therein, except admits and avers that Mr. Vella worked in the firm's Hong Kong office in or about 2010 and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

78.    Goldman Sachs denies that the allegations in paragraph 78 present a fair and complete description of the matters described therein, except admits and avers that in or about 2010 (a) Mr. Hu was Chairman of Greater China, (b) Mr. McMurdo was Co-Head of the Investment Banking Division in Australia and New Zealand, (c) Mr. Leissner was Head of Investment Banking for South East Asia, and (d) Messrs. Hu, McMurdo, and Leissner were named to the firm's IBS Leadership Group and respectfully refers the Court to the document referenced and quoted therein for a complete and accurate statement of its contents.

79.    Goldman Sachs denies that the allegations in paragraph 79 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article cited therein for a complete and accurate statement of its contents.

80.    Goldman Sachs denies that the allegations in paragraph 80 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

81.    To the extent the allegations in paragraph 81 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that the allegations in paragraph 81 present a fair and complete description of the matters described therein, except respectfully refers the Court to the FCPA Resource Guide referenced and quoted therein for a complete and accurate statement of its contents.

82.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, except admits and avers that Razak is the former Prime Minister of Malaysia and respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

83.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

84.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

85.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 85 is addressed in part in, among other places, paragraphs 33, 51, 57, and 64 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 85, except respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

86.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 86 is addressed in part in, among other places, paragraphs 21 and 32-34 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 86.

87.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 87 is addressed in part in, among other places, paragraph 26 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

88.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

89.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

90.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

91.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

92.     Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 92 is addressed in part in, among other places, paragraphs 28-31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 92 present a fair and complete description of the matters described therein.

93.     Goldman Sachs denies the allegations in the first and last two sentences of paragraph 94 and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

94.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

95.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

96.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

97.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, except admits and avers that (a) BSI is a private bank based in Switzerland and (b) 1MDB requested Goldman Sachs International to pay the net proceeds from Project Catalyze to an account at BSI, and respectfully refers the Court to the article cited therein for a complete and accurate statement of its contents.

98.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 98 is addressed in part in, among other places, paragraph 62 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 98, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

99.    Goldman Sachs denies the allegations in paragraph 99, except admits that Messrs. Vella and Leissner were partners.

100.    Goldman Sachs denies that the allegations in the first sentence of paragraph 100 present a fair and complete description of the matters described therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 100.

101.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, except respectfully refers the Court to the article cited therein for a complete and accurate statement of its contents.

102.    Goldman Sachs denies the allegations in paragraph 102, except (a) admits and avers that there were investigations by certain U.S. government authorities relating to LIA, (b) avers that the subject matter referenced in certain of the allegations in paragraph 102 is addressed in part in the UK Judgment, and (c) respectfully refers the Court to the UK Judgment and Mr. Vella's trial testimony for a complete and accurate statement of their contents.

103.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 103 is addressed in part in, among other places, paragraphs 6 and 32 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 103 present a fair and complete description of the matters described therein, except

admits that Mr. Vella worked in the firm's Hong Kong office in or about 2010 and, in or around May 2015, was named Co-Head of the Investment Banking Division in Asia Ex-Japan, and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

104.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 104 is addressed in part in, among other places, paragraphs 23, 32, and 38 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 104, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

105.    Goldman Sachs denies the allegations in paragraph 105, except admits and avers that Mr. Leissner (a) was a partner and Head of Investment Banking for South East Asia as of 2009, (b) was Chairman of Southeast Asia from in or about July 2014 to 2016, and (c) served on the firm's Partnership Committee from in or about 2014 to 2016.

106.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, except respectfully refers the Court to the publication referenced and quoted therein for a complete and accurate statement of its contents.

107.    Goldman Sachs denies that the allegations in paragraph 107 present a fair and complete description of the matters described therein, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

108.    To the extent the allegations in paragraph 108 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that the allegations in paragraph 108 present a fair and complete description of the matters described

therein, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of its contents.

109.    Goldman Sachs admits and avers that paragraph 109 purports to describe the referenced publication and respectfully refers the Court to the publication referenced and quoted therein for a complete and accurate statement of its contents, but otherwise denies the allegations in paragraph 109.

110.    Goldman Sachs denies the allegations in paragraph 110.

111.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 111 is addressed in part in, among other places, paragraphs 23 and 26 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 111, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

112.    Goldman Sachs (a) avers that the subject matter referenced in certain of the allegations in paragraph 112 is addressed in part in, among other places, paragraphs 26-27 of the SOF, the admissions of which are incorporated herein by reference, (b) admits and avers that Goldman Sachs was retained to advise on a project referred to as Project Tiara, and (c) denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

113.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 113 is addressed in part in, among other places, paragraphs 26-27 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 113 present a fair and complete description of the matters described therein, except

respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

114.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 114 is addressed in part in, among other places, paragraphs 23-24 and 26-27 of the SOF, the admissions of which are incorporated herein by reference, and denies that the remaining allegations in paragraph 114 present a fair and complete description of the matters described therein, except respectfully refers the Court to the court filings referenced and quoted therein for a complete and accurate statement of their contents.

115.    The subject matter referenced in certain of the allegations in paragraph 115 is addressed in part in, among other places, paragraph 27 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 115 present a fair and complete description of the matters described therein, except respectfully refers the Court to the email referenced therein for a complete and accurate statement of its contents.

116.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 116 is addressed in part in, among other places, paragraph 27 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 116.

117.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, except admits and avers that (a) 1 MDB was formed in or around 2009, when the Malaysian government took control of a municipal entity referred to as TIA, and (b) Razak was previously the Malaysian Minister for Finance and the Prime Minister, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

118.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 118 is addressed in part in, among other places, paragraph 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

119.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 119 is addressed in part in, among other places, paragraphs 28-31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 119 present a fair and complete description of the matters described therein, except respectfully refers the Court to the document purportedly quoted therein for a complete and accurate statement of its contents.

120.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 120 is addressed in part in, among other places, paragraphs 28-29 of the SOF, the admissions of which are incorporated herein by reference, and respectfully refers the Court to the email referenced and quoted therein for a complete and accurate statement of its contents.

121.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 121 is addressed in part in, among other places, paragraph 28 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 121 present a fair and complete description of the matters described therein.

122.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 122 is addressed in part in, among other places, paragraph 29 of the SOF, the

admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 122 present a fair and complete description of the matters described therein.

123.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 123 is addressed in part in, among other places, paragraphs 28, 31, and 45 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 123 present a fair and complete description of the matters described therein.

124.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 124 is addressed in part in, among other places, paragraphs 28-31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 124 present a fair and complete description of the matters described therein, except respectfully refers the Court to the emails referenced and quoted therein for a complete and accurate statement of their contents.

125.    Goldman Sachs denies that the allegations in paragraph 125 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

126.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 126 is addressed in part in, among other places, paragraph 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 126.

127.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 127 is addressed in part in, among other places, paragraph 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations

in paragraph 127 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein, as well as Mr. Halmi's testimony, for a complete and accurate statement of their contents.

128.    Goldman Sachs denies the allegations in paragraph 128.

129.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 129 is addressed in part in, among other places, paragraph 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 129 present a fair and complete description of the matters described therein, except respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

130.    Goldman Sachs denies that the allegations in paragraph 130 present a fair and complete description of the matters described therein, except respectfully refers the Court to the email referenced and quoted therein for a complete and accurate statement of its contents.

131.    Goldman Sachs denies that the allegations in paragraph 131 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and cited therein for a complete and accurate statement of their contents.

132.    Goldman Sachs denies the allegations in paragraph 132, except admits and avers that the allegations in paragraph 132 purport to describe the referenced DOJ criminal complaint filed against Mr. Leissner, and respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

133.    To the extent the allegations in paragraph 133 purport to state legal conclusions, no response is necessary. To the extent a response is necessary, Goldman Sachs denies that the allegations in paragraph 133 present a fair and complete description of the matters described

therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

134.    Goldman Sachs denies that the allegations in paragraph 134 present a fair and complete description of the matters described therein.

135.    Goldman Sachs denies allegations in paragraph 135, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

136.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 136 is addressed in part in, among other places, paragraphs 24 and 35 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 136, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

137.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, except respectfully refers the Court to the document referenced and quoted therein for a complete and accurate statement of its contents.

138.    Goldman Sachs denies the allegations in paragraph 138, except admits and avers that Mr. Naylor is currently the Head of Corporate Communications division for Goldman Sachs (Asia) L.L.C., and respectfully refers the Court to the statement quoted therein for a complete and accurate statement of its contents.

139.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 139 is addressed in part in, among other places, paragraph 30 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 139 present a fair and complete description of the matters described therein, except

respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

140.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 140 is addressed in part in, among other places, paragraph 30 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 140 present a fair and complete description of the matters described therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to entities other than Goldman Sachs and, respectfully refers the Court to the DOJ criminal complaint filed against Mr. Leissner cited therein for a complete and accurate statement of its contents.

141.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 141 is addressed in part in, among other places, paragraph 30 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 141 present a fair and complete description of the matters described therein, except respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

142.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 142 is addressed in part in, among other places, paragraph 30 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 142 present a fair and complete description of the matters described therein, except respectfully refers the Court to the document referenced and quoted therein for a complete and accurate statement of its contents.

143.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 143 is addressed in part in, among other places, paragraph 30 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 143 present a fair and complete description of the matters described therein, except respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

144.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 144 is addressed in part in, among other places, paragraph 31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 144, except respectfully refers the Court to the document cited and quoted therein for a complete and accurate statement of its contents.

145.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 145 is addressed in part in, among other places, paragraph 31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 145, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

146.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 146 is addressed in part in, among other places, paragraph 31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 146, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

147.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 147 is addressed in part in, among other places, paragraphs 28-31 of the SOF, the

admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 147. To the extent paragraph 147 purports to paraphrase, summarize, or quote documents, Goldman Sachs respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

148.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 148 is addressed in part in, among other places, paragraphs 33-50 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 148, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

149.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 149 is addressed in part in, among other places, paragraphs 33-41 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 149, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents

150.    Goldman Sachs denies that the allegations in paragraph 150 present a fair and complete description of the matters described therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to entities other than Goldman Sachs and, respectfully refers the Court to the documents cited and quoted therein for a complete and accurate statement of their contents.

151.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 151 is addressed in part in, among other places, paragraphs 33-41 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in

paragraph 151, except respectfully refers the Court to the DOJ's criminal information filed against Mr. Leissner referenced and quoted therein for a complete and accurate statement of its contents.

152.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 152 is addressed in part in, among other places, paragraphs 36-37 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 152, except respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

153.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 153 is addressed in part in, among other places, paragraphs 33-38 of the SOF, the admissions of which are incorporated herein by reference, except respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

154.    Goldman Sachs denies that the allegations in paragraph 154 present a fair and complete description of the matters described therein, except respectfully refers the Court to the publication referenced and quoted therein for a complete and accurate statement of its contents.

155.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 155 is addressed in part in, among other places, paragraph 41 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 155, except respectfully refers the Court to the document referenced and quoted therein for a complete and accurate statement of its contents.

156.    As to the allegations in the first sentence of paragraph 156, Goldman Sachs respectfully refers to the article referenced and quoted therein for a complete and accurate statement of its contents. Goldman Sachs denies that the allegations in the second sentence of paragraph 156 present a fair and complete description of the matters described therein. The

allegations in the third sentence of paragraph 156 purport to refer to paragraphs 80-110 of the Complaint, and Goldman Sachs incorporates by reference its responses to such paragraphs.

157.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 157 is addressed in part in, among other places, paragraphs 32-48 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 158.

158.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 158 is addressed in part in, among other places, paragraphs 25, 36, 40, and 43 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 158. To the extent paragraph 158 purports to paraphrase or summarize documents, Goldman Sachs respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

159.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 159 is addressed in part in, among other places, paragraphs 28-32 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 159, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

160.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 160 is addressed in part in, among other places, paragraph 47 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 160 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

161.    The subject matter referenced in certain of the allegations in paragraph 161 is addressed in part in, among other places, paragraphs 44-47 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 161. To the extent paragraph 161 purports to paraphrase or summarize documents, Goldman Sachs respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

162.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 162 is addressed in part in, among other places, paragraphs 26-32, 44-47, and 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 162.

163.    Goldman Sachs denies that the allegations in paragraph 163 present a fair and complete description of the matters described therein.

164.    Goldman Sachs denies that the allegations in paragraph 164 present a fair and complete description of the matters described therein, except admits that Messrs. Blankfein, Cohn, Ryan, and Solomon were members of the firm's Management Committee in or about 2013 and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

165.    Goldman Sachs denies that the allegations in paragraph 165 present a fair and complete description of the matters described therein, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

166.    Goldman Sachs denies the allegations in paragraph 166, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

167.    Goldman Sachs denies the allegations in paragraph 167, except respectfully refers the Court to the article and documents referenced and quoted therein for a complete and accurate statement of their contents.

168.    Goldman Sachs denies the allegations in paragraph 168, respectfully refers the Court to the articles and publication referenced and quoted therein for a complete and accurate statement of their contents.

169.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

170.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 170 is addressed in part in, among other places, paragraph 25 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 170.

171.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 171 is addressed in part in, among other places, paragraph 25 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 171, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

172.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 172 is addressed in part in, among other places, paragraph 25 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 172 present a fair and complete description of the matters described therein, except

respectfully refers the Court to the article and lawsuit referenced therein for a complete and accurate statement of its contents.

173.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 173 is addressed in part in, among other places, paragraph 25 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 173, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to entities other than Goldman Sachs.

174.    Goldman Sachs denies the allegations in paragraph 174, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

175.    Goldman Sachs denies that the allegations in paragraph 175 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced therein for a complete and accurate statement of its contents.

176.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 176 is addressed in part in, among other places, paragraph 41 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 176, except respectfully refers the Court to the offering circular referenced and quoted therein for a complete and accurate statement of its contents.

177.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 177 is addressed in part in, among other places, paragraph 50 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 177, except respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

178.    Goldman Sachs denies that the allegations in paragraph 178 present a fair and complete description of the matters described therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to entities other than Goldman Sachs, and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

179.    Goldman Sachs denies that the allegations in paragraph 179 present a fair and complete description of the matters described therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to entities other than Goldman Sachs, and respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

180.    Goldman Sachs denies the allegations in paragraph 180, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

181.    Goldman Sachs denies the allegations in paragraph 181, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

182.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 182 is addressed in part in, among other places, paragraph 51 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 182 present a fair and complete description of the matters described therein, except respectfully refers the Court to the offering circular and article referenced and quoted therein for a complete and accurate statement of their contents.

183.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183, except respectfully refers the Court to the publication cited for a complete and accurate statement of its contents.

184.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184, except respectfully refers the Court to the articles referenced therein for a complete and accurate statement of their contents.

185.    Goldman Sachs denies the allegations in paragraph 185.

186.    Goldman Sachs denies that the allegations in paragraph 186 present a fair and complete description of the matters described therein, except admits and avers (a) that certain firmwide and regional committees, including the Firmwide Capital Committee, reviewed and/or approved each of the three 1MDB bond offerings, (b) Mr. Leouzon was the Global Chief Underwriting Officer at Goldman Sachs from in or about 2008 to 2018, and respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

187.    Goldman Sachs denies that the allegations in paragraph 187 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

188.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 188 is addressed in part in, among other places, paragraph 25 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 188, except admits that (a) certain firmwide and regional committees, including the Firmwide Capital Committee, reviewed and/or approved each of the three 1MDB bond offerings, (b) Mr. Blankfein was the Chief Executive Officer of Goldman Sachs from in or about June 2006

to September 2018, (c) Mr. Solomon is currently the Chief Executive Officer of Goldman Sachs, and (d) Mr. Scherr was the Chief Financial Officer of Goldman Sachs from approximately November 2018 to December 2021.

189.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 189 is addressed in part in, among other places, paragraph 49 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 189.

190.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 190 is addressed in part in, among other places, paragraph 51 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 190, except respectfully refers the Court to the offering circular referenced therein for a complete and accurate statement of its contents.

191.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 191 is addressed in part in, among other places, paragraph 51 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191, except respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

192.    Goldman Sachs avers that the subject matter referenced therein is addressed in part in, among other places, paragraph 50 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 192, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

193.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 193 is addressed in part in, among other places, paragraphs 51 and 52 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 193.

194.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 194 is addressed in part in, among other places, paragraph 52 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 194 present a fair and complete description of the matters described therein.

195.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 195 is addressed in part in, among other places, paragraphs 32 and 52 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 195 present a fair and complete description of the matters described therein.

196.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 196 is addressed in part in, among other places, paragraphs 25 and 53-55 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 196.

197.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 197 is addressed in part in, among other places, paragraphs 25, 47, and 53-55 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 197. To the extent paragraph 197 purports to paraphrase, summarize, or quote a document, Goldman Sachs respectfully refers the Court to the document referenced and quoted therein for a complete and accurate statement of its contents.

198.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 198 is addressed in part in, among other places, paragraphs 25 and 53-55 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 198.

199.    Goldman Sachs denies that the allegations in paragraph 199 present a fair and complete description of the matters described therein, except admits and avers that paragraph 199 purports to describe the referenced articles and respectfully refers the Court to the articles referenced therein for a complete and accurate statement of their contents.

200.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 200 is addressed in part in, among other places, paragraphs 52 and 55-56 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 200, except respectfully refers the Court to the offering circular referenced therein for a complete and accurate statement of its contents.

201.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 201 is addressed in part in, among other places, paragraph 55 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 201, except respectfully refers the Court to the offering circular referenced in paragraph 201 for a complete and accurate statement of its contents.

202.    Goldman Sachs denies that the allegations in paragraph 202 present a fair and complete description of the matters described therein, except (a) admits that Mr. Ryan was President of Goldman Sachs in Asia Pacific Ex-Japan and a member of the Management Committee from in or about 2011 to 2013 and (b) respectfully refers the Court to the referenced annual report for a complete and accurate statement of its contents.

203.    Goldman Sachs denies the allegations in paragraph 203, except admits and avers that paragraph 203 purports to describe the referenced article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

204.    Goldman Sachs denies that the allegations in paragraph 204, except admits and avers that (a) The Goldman Sachs Group, L.P. hired Mr. Schwartz in or about June 2012, (b) and Mr. Schwartz rejoined the firm's Management Committee and was named Chairman of Goldman Sachs (Asia) L.L.C. in or about June 2012.

205.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 205 is addressed in part in, among other places, paragraphs 25 and 55 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 205, except admits that (a) certain firmwide and regional committees, including the Firmwide Capital Committee, reviewed and/or approved each of the three 1MDB bond offerings, (b) Mr. Blankfein was the Chief Executive Officer of Goldman Sachs from in or about June 2006 to September 2018, and (c) Mr. Solomon is currently the Chief Executive Officer of Goldman Sachs.  Goldman Sachs avers that Mr. Scherr was the Chief Financial Officer of Goldman Sachs from approximately November 2018 to December 2021.

206.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 206 is addressed in part in, among other places, paragraphs 56-57 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206, except respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

207.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 207 is addressed in part in, among other places, paragraphs 57-58 of the SOF and admits that the statements in the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 207, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to entities other than Goldman Sachs. To the extent paragraph 207 purports to paraphrase or summarize documents, Goldman Sachs respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

208.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 208 is addressed in part in, among other places, paragraph 56 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 208.

209.    Goldman Sachs denies that the allegations in paragraph 209 present a fair and complete description of the matters described therein, except admits and avers that (a) Mr. Blankfein earned a total of $21 million in compensation in 2012 and respectfully refers the Court to Goldman Sachs' 2013 Proxy Statement for a complete and accurate statement of its contents, (b) Mr. Leissner earned more than $10 million in compensation in 2012, and (c) Mr. Leissner was a member of the firm's Partnership Committee from in or about 2014 to 2016.

210.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 210 is addressed in part in, among other places, paragraphs 28-29 and 31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210, except

respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

211.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211, except respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

212.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 212 is addressed in part in, among other places, paragraphs 28-31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 212 present a fair and complete description of the matters described therein, except respectfully refers the Court to the reports referenced therein for a complete and accurate statement of their contents.

213.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 213 is addressed in part in, among other places, paragraphs 50, 56, and 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 213.

214.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 214 is addressed in part in, among other places, paragraphs 28-29 and 31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 214 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

215.    Goldman Sachs denies that the allegations in paragraph 215 present a fair and complete description of the matters described therein, except admits that (a) Mr. Evans co-chaired

the BSC from in or about 2010 to 2013 and (b) Mr. Evans met Razak in Davos, Switzerland in or about January 2013.

216.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 216 is addressed in part in, among other places, paragraphs 50, 56, 59, and 63 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 216 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

217.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 217 is addressed in part in, among other places, paragraphs 60-61 and 64 of the SOF, the admissions of which are incorporated herein by reference.

218.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 218 is addressed in part in, among other places, paragraph 58 of the SOF, the admissions of which are incorporated herein by reference.

219.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 219 is addressed in part in, among other places, paragraphs 61-62 and 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 219.

220.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 220 is addressed in part in, among other places, paragraphs 59 and 62 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 220, except respectfully refers the Court to the publication cited and quoted therein for a complete and accurate statement of its contents.

221.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 221 is addressed in part in, among other places, paragraph 62 of the SOF, but otherwise denies that the allegations in paragraph 221 present a fair and complete description of the matters described therein, except respectfully refers the Court to the referenced offering circular for a complete and accurate statement of its contents.

222.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 222 is addressed in part in, among other places, paragraph 64 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222.

223.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 223 is addressed in part in, among other places, paragraph 62 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223.

224.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224 relating to entities other than Goldman Sachs, except respectfully refers the Court to the referenced and cited video and publication for a complete and accurate depiction of their contents.

225.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 225 is addressed in part in, among other places, paragraph 62 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 225 present a fair and complete description of the matters described therein.

226.    Goldman Sachs denies that the allegations in paragraph 226 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

227.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 227 is addressed in part in, among other places, paragraphs 62-63 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 227 present a fair and complete description of the matters described therein, except respectfully refers the Court to the offering circular and letter of support referenced and quoted therein for a complete and accurate statement of their contents.

228.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 228 is addressed in part in, among other places, paragraph 62 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228, except respectfully refers the Court to the 2012 financial report referenced therein for a complete and accurate statement of its contents.

229.    Goldman Sachs denies that the allegations in paragraph 229 present a fair and complete description of the matters described therein.

230.    Goldman Sachs denies that the allegations in paragraph 230 present a fair and complete description of the matters described therein, except admits that Mr. Ryan was a member of the Management Committee from in or about 2011 to 2013.

231.    Goldman Sachs denies that the allegations in paragraph 231 present a fair and complete description of the matters described therein, except admits and avers that Mr. Ryan retired from the firm.

232.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232.

233.     Goldman Sachs denies the allegations in paragraph 233, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

234.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234, except respectfully refers the Court to the article cited therein for a complete and accurate statement of its contents.

235.     Goldman Sachs denies that the allegations in paragraph 235 present a fair and complete description of the matters described therein.

236.     The allegations in paragraph 236 consist of communications that on their face would be protected from disclosure by the attorney-client privilege and, accordingly, no response is required other than the assertion of privilege.

237.     To the extent the allegations in paragraph 237 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that the allegations in paragraph 237 present a fair and complete description of the matters described therein, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

238.     To the extent the allegations in paragraph 238 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 238, except respectfully refers the Court to the offering circular referenced and quoted therein for a complete and accurate statement of its contents.

239.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 239 is addressed in part in, among other places, paragraphs 25 and 63 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 239, except admits that certain firmwide and regional committees, including the Firmwide Capital Committee, reviewed and/or approved each of the three 1MDB bond offerings.

240.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 240 is addressed in part in, among other places, paragraph 64 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

241.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 241 is addressed in part in, among other places, paragraph 64 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

242.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 242 is addressed in part in, among other places, paragraphs 24 and 63 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 242, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

243.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 243 is addressed in part in, among other places, paragraphs 24, 62-63, and 72 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243, except respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

244.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 244 is addressed in part in, among other places, paragraph 72 of the SOF, but otherwise denies the allegations, except avers that paragraph 244 purports to describe the referenced articles and respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

245.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 245 is addressed in part in, among other places, paragraph 72 of the SOF, but otherwise denies the allegations, except avers that paragraph 245 purports to describe the referenced articles and respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

246.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 246 is addressed in part in, among other places, paragraph 72 of the SOF, but otherwise denies the allegations, except avers that paragraph 246 purports to describe the referenced article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

247.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 247 is addressed in part in, among other places, paragraph 72 of the SOF, but

otherwise denies the allegations, except avers that paragraph 247 purports to describe the referenced article and respectfully refers the Court to the article referenced and quoted in paragraph 247 for a complete and accurate statement of its contents.

248.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 248 is addressed in part in, among other places, paragraph 72 of the SOF, but otherwise denies the allegations, except avers that paragraph 248 purports to describe the referenced article and respectfully refers the Court to the article referenced in paragraph 248 for a complete and accurate statement of its contents.

249.    As to the allegations in the first, second, and third sentences of paragraph 249, Goldman Sachs avers that these allegations purport to describe the referenced article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents. To the extent the allegations in the last sentence of paragraph 249 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 249 is addressed in part in, among other places, paragraph 72 of the SOF, but otherwise denies the allegations in the last sentence of paragraph 249.

250.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 250 is addressed in part in, among other places, paragraph 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 250 present a fair and complete description of the matters described therein, except respectfully refers the Court to the document referenced and quoted therein for a complete and accurate statement of its contents.

251.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 251 is addressed in part in, among other places, paragraphs 65 and 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 251, except respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

252.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 252 is addressed in part in, among other places, paragraphs 65 and 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 252, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

253.    Goldman Sachs denies the allegations in paragraph 253, except admits and avers that Ms. Tan left Goldman Sachs (Singapore) Pte. in or about September 2013 and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

254.    Goldman Sachs denies that the allegations in paragraph 254 present a fair and complete description of the matters described therein, except respectfully refers the Court to the Federal Reserve Consent Order for a complete and accurate statement of its contents and provides no further response in light of various privileges that prohibit disclosure.

255.    Goldman Sachs denies that the allegations in paragraph 255 present a fair and complete description of the matters described therein.

256.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 256 is addressed in part in, among other places, paragraphs 25 n.1 and 78 of the SOF,

the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256.

257.    Goldman Sachs denies the allegations in paragraph 257, except (a) denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to entities other than Goldman Sachs and (b) admits that Mr. Shawki was Head of the Investment Banking Division in the Middle East and North Africa from in or about February 2012 to October 2019.

258.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 258 is addressed in part in, among other places, paragraphs 25 n.1 and 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 258, except respectfully refers the Court to the publication cited therein for a complete and accurate statement of its contents.

259.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 259 is addressed in part in, among other places, paragraph 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 259, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 259 and respectfully refers the Court to the document referenced and quoted therein for a complete and accurate statement of its contents.

260.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 260 is addressed in part in, among other places, paragraphs 28-29, 31 and 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the

allegations in paragraph 260, except respectfully refers the Court to the article and emails referenced and quoted therein for a complete and accurate statement of their contents.

261.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 261 is addressed in part in, among other places, paragraph 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 261 present a fair and complete description of the matters described therein.

262.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 262 is addressed in part in, among other places, paragraph 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 262, except respectfully refers the Court to the announcement and press reports referenced and quoted therein for a complete and accurate statement of their contents.

263.    Goldman Sachs denies the allegations in the first sentence of paragraph 263. As to the remaining allegations in paragraph 263, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations.

264.    Goldman Sachs denies the allegations in paragraph 264.

265.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265, except respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

266.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 266 is addressed in part in, among other places, paragraph 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 266 present a fair and complete description of the matters described therein, except

respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

267.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 267 is addressed in part in, among other places, paragraphs 65-67 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 267.

268.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 268 is addressed in part in, among other places, paragraphs 65-67 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 268, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to entities other than Goldman Sachs.

269.    Goldman Sachs denies the allegations in paragraph 269, except admits that Mr. Leissner was named Chairman of Southeast Asia from in or about July 2014 to 2016, and served on the firm's Partnership Committee from in or about 2014 to 2016, and, to the extent paragraph 269 purports to paraphrase, summarize, or quote documents, Goldman Sachs respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents.

270.    Goldman Sachs respectfully refers the Court to the SOF for a complete and accurate statement of its contents, the admissions of which are incorporated herein by reference, and otherwise denies that the allegations in paragraph 270 present a fair and complete description of the matters described therein.

271.    Goldman Sachs respectfully refers the Court to the SOF for a complete and accurate statement of its contents, the admissions of which are incorporated herein by reference, and

otherwise denies the allegations in paragraph 271, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

272.    Goldman Sachs respectfully refers the Court to the SOF for a complete and accurate statement of its contents, the admissions of which are incorporated herein by reference, and otherwise denies the allegations in paragraph 272, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

273.    Goldman Sachs denies that the allegations in paragraph 273 present a fair and complete description of the matters described therein, except respectfully refers the Court to the SEC filings referenced and quoted therein for a complete and accurate statement of their contents.

274.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 274, except respectfully refers the Court to the articles referenced therein for a complete and accurate statement of their contents.

275.    Goldman Sachs respectfully refers the Court to the SOF for a complete and accurate statement of its contents, the admissions of which are incorporated herein by reference, and otherwise denies the allegations in paragraph 275. To the extent paragraph 275 purports to paraphrase, summarize, or quote a document, Goldman Sachs respectfully refers the Court to the documents referenced or quoted therein for a complete and accurate statement of their contents.

276.    Goldman Sachs respectfully refers the Court to the SOF for a complete and accurate statement of its contents, the admissions of which are incorporated herein by reference, and otherwise denies that the allegations in paragraph 276 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article and statement referenced and quoted therein for a complete and accurate statement of their contents.

277.    Goldman Sachs respectfully refers the Court to the SOF for a complete and accurate statement of its contents, the admissions of which are incorporated herein by reference, and otherwise denies the allegations in paragraph 277, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of their contents.

278.    Goldman Sachs denies that the allegations in paragraph 278 present a fair and complete description of the matters described therein, except respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

279.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 279, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

280.    Goldman Sachs admits that a criminal information charging Mr. Leissner with conspiracy to violate the FCPA and conspiracy to commit money laundering was unsealed on November 1, 2018, and respectfully refers the Court to the referenced criminal complaint, criminal information, and affidavit filed in *United States of America v. Leissner*, No. 1:18-cr-00439-MKB (E.D.N.Y.), for a complete and accurate statement of their contents.

281.    Goldman Sachs denies the allegations in paragraph 281, except admits that (a) on August 28, 2018, Mr. Leissner pled guilty to two counts of a criminal information, and (b) the sentencing of Mr. Leissner was originally scheduled for January 17, 2019, but has since been adjourned, and respectfully refers the Court to the public record of Mr. Leissner's criminal proceeding for a complete and accurate statement of its contents.

282.    Goldman Sachs admits that an indictment of Messrs. Ng and Low was unsealed in November 2018, and respectfully refers the Court to the referenced indictment for a complete and accurate statement of its contents.

59

283.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283.[4]

284.    Goldman Sachs denies that the allegations in paragraph 284 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

285.    Goldman Sachs admits that Mr. Leissner's guilty plea was announced on November 1, 2018, and avers that paragraph 285 purports to describe the referenced article and respectfully refers the Court to the article referenced therein for a complete and accurate statement of its contents.

286.    Goldman Sachs denies that the allegations in paragraph 286 present a fair and complete description of the matters described therein, except avers that paragraph 286 purports to describe the referenced article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

287.    Goldman Sachs avers that paragraph 287 purports to describe the referenced article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

288.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to entities other than Goldman Sachs, except avers that paragraph 288 purports to describe the referenced article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

---

[4]    Mr. Ng was convicted on Foreign Corrupt Practices Act and money laundering charges in 2022.  He was sentenced to 10 years in prison on March 9, 2023.  Stewart Bishop, *Ex-Goldman Exec Gets 10 Years for 1MDB Corruption*, LAW360, https://www.law360.com/articles/1584184 (Mar. 9, 2023).

289.    Goldman Sachs denies the allegations in paragraph 289, except (a) admits that, on November 21, 2018, IPIC filed a civil summons with notice against, among others, Goldman Sachs, and respectfully refers the Court to that summons and notice for a complete and accurate statement of its contents, and (b) avers that paragraph 289 purports to describe the referenced article and refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

290.    Goldman Sachs avers that paragraph 290 purports to describe the referenced article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents, and denies the remaining allegations in paragraph 291. Goldman Sachs further refers the Court to the Federal Reserve Consent Order for a complete and accurate statement of its contents and provides no further response in light of various privileges that prohibit disclosure.

291.    Goldman Sachs avers that paragraph 291 purports to describe the referenced articles and respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

292.    Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292, except admits that Malaysia filed criminal charges against Messrs. Leissner and Low and Ms. Loo.

293.    Goldman Sachs denies the allegations in paragraph 293, except respectfully refers the Court to the article quoted therein for a complete and accurate statement of its contents.

294.    Goldman Sachs avers that paragraph 294 purports to describe the referenced article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

295.    Goldman Sachs avers that paragraph 295 purports to describe the referenced article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

296.    Goldman Sachs denies the allegations in paragraph 296.

297.    Goldman Sachs denies the allegations in paragraph 297, except respectfully refers the Court to the documents referenced and quoted therein for a complete and accurate statement of their contents and admits that Malaysia filed criminal charges against Messrs. Evans and Gnodde, who is currently the Chief Executive Officer of Goldman Sachs International.

298.    Goldman Sachs admits that it and certain subsidiaries (a) entered into agreements to resolve investigations by the Federal Reserve, the SEC, and the New York State Department of Financial Services relating to 1MDB and (b) entered into agreements to resolve investigations by government authorities in Malaysia, the United Kingdom, Hong Kong, and Singapore, and denies the remaining allegations in paragraph 298.

299.    Goldman Sachs denies that the allegations in paragraph 299 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

300.    Goldman Sachs denies that the allegations in paragraph 300 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article quoted therein for a complete and accurate statement of its contents.

301.    Goldman Sachs denies that the allegations in paragraph 301 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

302.    Goldman Sachs denies that the allegations in paragraph 302 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

303.    Goldman Sachs denies the allegations in paragraph 303, except respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents.

304.    Goldman Sachs denies that the allegations in paragraph 304 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

305.    Goldman Sachs denies that the allegations in paragraph 305 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

306.    Goldman Sachs denies that the allegations in paragraph 306 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

307.    Goldman Sachs denies that the allegations in paragraph 307 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

308.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 308 is addressed in part in, among other places, paragraphs 24, 33-37, and 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 308, except respectfully refers the Court to the article referenced therein for a complete and accurate statement of its contents.

309.    Goldman Sachs denies that the allegations in paragraph 309 present a fair and complete description of the matters described therein, except respectfully refers the Court to the DOJ's indictment against Messrs. Ng and Low and the DOJ's criminal complaint filed against Mr. Leissner referenced and quoted therein for a complete and accurate statement of their contents.

310.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 310 is addressed in part in, among other places, paragraphs 23-24 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 310 present a fair and complete description of the matters described therein.

311.    To the extent the allegations in paragraph 311 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject matter referenced in certain of the allegations in the first sentence of paragraph 311 is addressed in part in, among other places, paragraphs 26-32, 44-46, 53-54, 60-61, and 72-79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in the first sentence of paragraph 311 present a fair and complete description of the matters described therein. Goldman Sachs denies the allegations in the second sentence of paragraph 311.

312.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 312 is addressed in part in, among other places, paragraph 25 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 312, except admits that (a) certain firmwide and regional committees, including the Firmwide Capital Committee, reviewed and/or approved each of the three 1MDB bond offerings, (b) Mr. Blankfein was the Chief Executive Officer of Goldman Sachs from in or about June 2006 to September 2018, (c) Mr. Cohn was the Chief Operating Officer of Goldman Sachs from in or about June 2006 to December 2016 and formerly chaired the Firmwide Client and Business

Standards Committee, and (d) Mr. Solomon is currently the Chief Executive Officer of Goldman Sachs. Goldman Sachs avers that Mr. Scherr was the Chief Financial Officer of Goldman Sachs from approximately November 2018 to December 2021.

313.    Goldman Sachs denies the allegations in paragraph 313.

314.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in the first two sentences of paragraph 314 is addressed in part in, among other places, paragraphs 25 and 72 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in the first two sentences of paragraph 314. The remaining allegations in paragraph 314 purport to summarize paragraphs 80, 83-85, 183-84, and 93-98 of the Complaint, and Goldman Sachs responds by incorporating by reference its responses to such paragraphs.

315.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 315 is addressed in part in, among other places, paragraphs 28-29, and 31 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 315, except, insofar as the allegations purport to summarize paragraphs 91, 119-23, and 210-11 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

316.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 316 is addressed in part in, among other places, paragraphs 25, 28-31, 34-36, 40, 4346, 53-55, 60-61, 72, 74, and 79 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 316, except, insofar as the allegations purport to summarize paragraphs 89, 111-14, 118-23, 126-28, 130, 139-44, 146-67, 158-61, 213, 233-34, 250-53, and 260 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

317. To the extent the allegations in paragraph 317 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that the allegations in paragraph 317 present a fair and complete description of the matters described therein, except, insofar as the allegations purport to summarize paragraphs 66-73, 106-09, 133, 135-37, 144-53, 194, and 217 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

318. Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 318 is addressed in part in, among other places, paragraphs 24, 41-42, 55, 59, and 62 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 318 present a fair and complete description of the matters described therein, except, insofar as the allegations purport to summarize paragraphs 150, 155, 164, 171, 173-79, 189, 192-93, 199, 200-01, 208, 216, 220-25, and 227 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

319. Goldman Sachs denies that the allegations in the first sentence of paragraph 319 present a fair and complete description of the matters described therein. The remaining allegations of paragraph 319 purport to summarize paragraphs 96, 180, and 233-37 of the Complaint, and Goldman Sachs responds by incorporating by reference its responses to such paragraphs.

320. Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 320 is addressed in part in, among other places, paragraphs 25, 44-47, 53-55, 60-63, and 72-76 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 320 present a fair and complete description of the matters described therein, except, insofar as the allegations purport to summarize paragraphs 51-60 and 238 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

321.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 321 is addressed in part in, among other places, paragraphs 55 and 62 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies that the allegations in paragraph 321 present a fair and complete description of the matters described therein.

322.    Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 322 is addressed in part in, among other places, paragraph 79 of the SOF, the admissions of which are incorporated herein by reference, but Goldman Sachs otherwise denies the allegations in the first two sentences of paragraph 322 The remaining allegations in paragraph 322 purport to summarize paragraphs 126-28, 213, and 251-52 of the Complaint, and Goldman Sachs responds by incorporating by reference its responses to such paragraphs.

323.    Goldman Sachs denies the allegations in paragraph 323, except, insofar as the allegations purport to summarize paragraphs 188, 205, 214, 239, 254, and 269 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

324.    Goldman Sachs denies the allegations in paragraph 324, except (a) admits that Mr. Ryan was President of Goldman Sachs in Asia Pacific Ex-Japan and a member of the Management Committee from in or about 2011 to 2013 and (b) insofar as the allegations purport to summarize paragraphs 164-65, 202-04, and 230-31 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

325.    Goldman Sachs denies the allegations in paragraph 325.

326.    Goldman Sachs denies the allegations in paragraph 326, except, insofar as the allegations purport to summarize paragraphs 164-65, 202-04, 230-31 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

327.    Goldman Sachs denies the allegations in paragraph 327, except (a) admits that Mr. Schwartz was named Chairman of Goldman Sachs (Asia) L.L.C. in or about June 2012 and (b) insofar as the allegations purport to summarize paragraph 231 of the Complaint, Goldman Sachs incorporates by reference its response to paragraph 231.

328.    Goldman Sachs denies the allegations in paragraph 328, except, insofar as the allegations purport to summarize paragraphs 52-53, 58, and 166-68 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

329.    Goldman Sachs denies that the allegations in paragraph 329 present a fair and complete description of the matters described therein, except, insofar as the allegations purport to summarize paragraphs 36, 41, and 45 of the Complaint, Goldman Sachs incorporates by reference its responses such paragraphs.

330.    Goldman Sachs denies that the allegations in paragraph 330 present a fair and complete description of the matters described therein, except (a) admits and avers that Mr. Vella relocated to Asia and was employed by Goldman Sachs (Asia) L.L.C. effective in or about January 2010, was named Co-Head of the Financing Group in Asia Ex-Japan from in or about May 2014 to May 2015, was named Co-Head of the Investment Banking Division in Asia Ex-Japan in or about May 2015, and (b) insofar as the allegations purport to summarize paragraph 41 of the Complaint, Goldman Sachs incorporates by reference its response to such paragraph.

331.    Goldman Sachs denies that the allegations in paragraph 331 present a fair and complete description of the matters described therein, except (a) admits and avers that Mr. Leissner was named Head of Investment Banking for South East Asia from in or about October 2006 to March 2012, Head of Investment Banking Services for Asia Ex-Japan from in or about March 2012 to March 2013, was named Chairman of Southeast Asia from in or about July 2014 to 2016,

and served on the firm's Partnership Committee from in or about 2014 to 2016, and (b) insofar as the allegations purport to summarize paragraphs 105 and 269 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

332. Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 332 is addressed in part in, among other places, paragraph 23 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 332, except, insofar as the allegations purport to summarize paragraphs 152-53 and 280 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

333. Goldman Sachs denies the allegations in the first sentence of paragraph 333, except (a) admits and avers that admits that Mr. Shawki was a managing director from in or about June 2006 to June 2008, and then again from June 2011 to October 2019 and was Head of the Investment Banking Division in the Middle East and North Africa from in or about February 2012 to October 2019, and (b) insofar as the remaining allegations purport to summarize paragraphs 150 and 259 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

334. Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 334 is addressed in part in, among other places, paragraph 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 334, except insofar as those allegations purport to summarize paragraphs 260-61 and 263-65 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

335. Goldman Sachs denies the allegations in paragraph 335.

336. Goldman Sachs denies that the allegations in paragraph 336 present a fair and complete description of the matters described therein, except respectfully refers the Court to the

article referenced and quoted in paragraph 336 for a complete and accurate statement of its contents.

337.    To the extent the allegations in paragraph 337 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 337, except, insofar as the allegations purport to summarize paragraphs 18, 155, 164-65, 167-68, 171, 173-74, 177, 179, 189, 193, 195, 199, 202-04, 220-22, 230-31, 239, 242, and 304 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

338.    To the extent the allegations in paragraph 338 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 338 is addressed in part in, among other places, paragraphs 23, 37 48, 51, 57-58, and 64 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 338, except, insofar as the allegations purport to summarize paragraphs 152-53, 190-91, 206-07, 218, 240, 263-64, and 280-81 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

339.    Goldman Sachs denies that the allegations in paragraph 339 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted in paragraph 339 for a complete and accurate statement of its contents.

340.    To the extent the allegations in paragraph 340 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 340, except, insofar as the allegations purport to summarize paragraphs 338-39 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

341.    To the extent the allegations in paragraph 341 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 341 and incorporates by reference its response to paragraph 337 and 339.

342.    To the extent the allegations in paragraph 342 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 342 and incorporates by reference its response to paragraph 337.

343.    To the extent the allegations in paragraph 343 relate to alleged misstatements that were dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies that the allegations in paragraph 343 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted in paragraph 343 for a complete and accurate statement of its contents.

344.    To the extent the allegations in paragraph 344 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 344, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

345.    To the extent the allegations in paragraph 345 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 345 is addressed in part in, among other places, paragraphs 23, 48, 55, 62, 64, and 72 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 345, except, insofar as the allegations purport to summarize paragraphs 56-57, 82-83, 89, 92-97, 121-22, 144, 152, 184, 192,

196, 206, 209-11, 217, 223, 228, 237, and 279-80 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

346.    Goldman Sachs denies that the allegations in paragraph 346 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted in paragraph 346 for a complete and accurate statement of its contents.

347.    To the extent the allegations in paragraph 347 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 347 is addressed in part in, among other places, paragraphs 25, 27-28, 33, 35-38, 40, 43-47, 53, 60, 65, 72, and 74 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 347, except, insofar as the allegations purport to summarize paragraphs 88, 112-13, 119-20, 125-26, 129, 138-42, 145, 150, 157-60, 212, 233-34, 251-52, 259, and 280 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

348.    Goldman Sachs denies that the allegations in paragraph 348 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

349.    Goldman Sachs denies that the allegations in paragraph 349 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article and statement referenced and quoted therein for a complete and accurate statement of their contents.

350.    To the extent the allegations in paragraph 350 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject

matter referenced in certain of the allegations in paragraph 350 is addressed in part in, among other places, paragraph 78 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 350, except, insofar as the allegations purport to summarize paragraphs 256-63 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

351.    Goldman Sachs denies that the allegations in paragraph 351 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

352.    To the extent the allegations in paragraph 352 relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies that the allegations in paragraph 352 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

353.    To the extent the allegations in paragraph 353 relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies that the allegations in paragraph 353 present a fair and complete description of the matters described therein, except respectfully refers the Court to the articles referenced and therein for a complete and accurate statement of their contents.

354.    To the extent the allegations in paragraph 354 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 354 is addressed in part in, among other places, paragraphs 23, 48, 55, 62, 64, and 72 of the SOF, the admissions of which are incorporated

herein by reference, but otherwise denies the allegations in paragraph 354 and incorporates by reference its response to paragraph 345.

355.    Goldman Sachs denies that the allegations in paragraph 355 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

356.    To the extent the allegations in paragraph 356 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 356 and incorporates by reference its response to paragraph 337 herein.

357.    Goldman Sachs denies that the allegations in paragraph 357 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

358.    To the extent the allegations in paragraph 358 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 358 is addressed in part in, among other places, paragraphs 23, 48, 55, 62, 64, and 72 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 358 and incorporates by reference its response to paragraph 345 herein.

359.    Goldman Sachs denies that the allegations in paragraph 359 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

360.    To the extent the allegations in paragraph 360 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 360 and incorporates by reference its responses to paragraphs 337 and 342 herein.

361.    Goldman Sachs denies that the allegations in paragraph 361 present a fair and complete description of the matters described therein, except respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

362.    To the extent the allegations in paragraph 362 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs avers that the subject matter referenced in certain of the allegations in paragraph 362 is addressed in part in, among other places, paragraphs 23, 48, 55, 62, 64, and 72 of the SOF, the admissions of which are incorporated herein by reference, but otherwise denies the allegations in paragraph 362 and incorporates by reference its response to paragraph 345 herein.

363.    Goldman Sachs admits that Lloyd Blankfein was interviewed by Andrew Ross Sorkin on November 1, 2018.

364.    To the extent the allegations in paragraph 364 relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies that the allegations in paragraph 364 present a fair and complete description of the matters described therein, except respectfully refers the Court to the interview referenced and quoted therein for a complete and accurate statement of its contents.

365.    To the extent the allegations in paragraph 365 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 365, except, insofar as the allegations purport to summarize paragraphs 80, 83-86, 126-28, 150, 155, 164, 173-179, 183-84, 188, 189, 192-93, 199-201, 205, 208, 213-14, 216, 220-225, 227, 239, and 251-52 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

366.    Goldman Sachs denies the allegations in paragraph 366, except admits that it issued annual reports throughout the alleged Class Period, and respectfully refers the Court to its annual reports referenced in paragraph 366 for a complete and accurate statement of their contents, including the identification of any signatories.

367.    Goldman Sachs denies that the allegations in paragraph 367 present a fair and complete description of the matters described therein, except admits that it issued annual reports throughout the alleged Class Period, and respectfully refers the Court to the annual reports referenced in paragraph 367 for a complete and accurate statement of their contents, including the identification of any signatories.

368.    To the extent the allegations in paragraph 368 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 368, except, insofar as the allegations purport to summarize paragraphs 41, 62, 73, 106, 108-09, 126-27, 152-53, 164-65, 167-68, 202-04, 209, 213, 230-31, 236-37, 251-52, 254, 259-64, 269, and 281 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

369.    Goldman Sachs denies that the allegations in paragraph 369 present a fair and complete description of the matters described therein, except respectfully refers the Court to the referenced presentation and transcript of the presentation for a complete and accurate statement of their contents.

370.    To the extent the allegations in paragraph 370 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 370, except insofar as the allegations purport to summarize paragraphs 164-65, 167-

68, 202-04, 230-31, and 368 of the Complaint, Goldman Sachs incorporates by reference its responses to such paragraphs.

371.    To the extent the allegations in paragraph 371 relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 371.

372.    To the extent the allegations in paragraph 372 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 372.

373.    To the extent the allegations in paragraph 373 consist of legal conclusions or relate to alleged corrective disclosures dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 373.

374.    Goldman Sachs denies that the allegations in paragraph 374 present a fair and complete description of the matters described therein, except admits and avers that paragraph 374 purports to describe an article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

375.    Goldman Sachs denies that the allegations in paragraph 375 present a fair and complete description of the matters described therein, except admits and avers that paragraph 375 purports to describe an article and respectfully refers the Court to the article referenced and quoted therein for a complete and accurate statement of its contents.

376.    To the extent the allegations in paragraph 376 consist of legal conclusions or relate to alleged corrective disclosures dismissed by the Order, no response is required.  To the extent a response is required, Goldman Sachs denies the allegations in paragraph 376, and respectfully refers the Court to the reported closing prices for Goldman stock on the dates referenced.

377.    Goldman Sachs denies that the allegations in paragraph 377 present a fair and complete description of the matters described therein, except admits and avers that that Mr. Blankfein was Chief Executive Officer of Goldman Sachs from in or about June 2006 to September 30, 2018, and that paragraph 377 purports to describe articles and respectfully refers the Court to the articles referenced and quoted therein for a complete and accurate statement of their contents, and respectfully refers the Court to the reported closing prices for Goldman stock on the dates referenced.

378.    Goldman Sachs denies the allegations in paragraph 378, except admits and avers that paragraph 378 purports to describe articles and analyst reports and respectfully refers the Court to the articles and analyst reports referenced and quoted therein for a complete and accurate statement of their contents.

379.    To the extent the allegations in paragraph 379 consist of legal conclusions, no response is required.  To the extent a response is required, Goldman Sachs denies the allegations in paragraph 379.

380.    To the extent the allegations in paragraph 380 consist of legal conclusions or relate to alleged corrective disclosures dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 380.

381.    To the extent the allegations in paragraph 381 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 381.

382.    To the extent the allegations in paragraph 382 consist of legal conclusions or relate to alleged misstatements or corrective disclosures dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 382.

383.    To the extent the allegations in paragraph 383 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 383, except (a) admits that its common stock is traded on the New York Stock Exchange ("NYSE"), that it files periodic reports with the SEC, and that it communicates with public investors, and (b) denies knowledge or information sufficient to form a belief as to the truth of the allegation in subparagraph (d).

384.    To the extent the allegations in paragraph 384 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 384.

385.    To the extent the allegations in paragraph 385 consist of legal conclusions, no response is required to appropriate. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 385.

386.    To the extent the allegations in paragraph 386 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 386.

387.    To the extent the allegations in paragraph 387 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 387.

388.    To the extent the allegations in paragraph 388 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 388.

389.    To the extent the allegations in paragraph 389 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 389.

390.    To the extent the allegations in paragraph 390 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 390.

391.    To the extent the allegations in paragraph 391 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs admits and avers that paragraph 391 purports to describe the putative class Plaintiff seeks to represent, and denies that this case is appropriate for class-action treatment.

392.    To the extent the allegations in paragraph 392 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392, except admits that (a) its common stock is traded on the NYSE and (b) as of February 9, 2018, there were 379,887,039 shares of Goldman Sachs' common stock outstanding.

393.    To the extent the allegations in paragraph 393 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations in paragraph 393.

394.    To the extent the allegations in paragraph 394 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations in paragraph 394.

395.    To the extent the allegations in paragraph 395 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations in paragraph 395.

396.    To the extent the allegations in paragraph 396 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations in paragraph 396.

397.    To the extent the allegations in paragraph 397 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations in paragraph 397.

398.    To the extent the allegations in paragraph 398 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies that this case is appropriate for class-action treatment and denies all other allegations of 398.

399.    Goldman Sachs repeats and reasserts its responses to the allegations in paragraphs 1 through 399 of the Complaint as if fully set forth herein. Goldman Sachs admits and avers that Plaintiff purports to bring a claim under the statute and regulation set forth in paragraph 399 on behalf of the persons and entities described therein.

400.    To the extent the allegations in paragraph 400 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 400.

401.    To the extent the allegations in paragraph 401 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 401.

402.    To the extent the allegations in paragraph 402 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 402.

403.    To the extent the allegations in paragraph 403 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 403.

404.    To the extent the allegations in paragraph 404 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 404.

405.    To the extent the allegations in paragraph 405 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 405.

406.    To the extent the allegations in paragraph 406 consist of legal conclusions or relate to alleged misstatements dismissed by the Order, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 406.

407.    To the extent the allegations in paragraph 407 consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 407.

408.    Because the allegations in paragraph 408 are not brought against Goldman Sachs, no response is required. To the extent a response is required, Goldman Sachs repeats and reasserts its responses to the allegations in paragraphs 1 through 408 of the Complaint as if fully set forth herein.

409.     Because the allegations in paragraph 409 are not brought against Goldman Sachs and consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 409.

410.     Because the allegations in paragraph 410 are not brought against Goldman Sachs and consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 410.

411.     Because the allegations in paragraph 411 are not brought against Goldman Sachs and consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 411.

412.     Because the allegations in paragraph 412 are not brought against Goldman Sachs and consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 412.

413.     Because the allegations in paragraph 413 are not brought against Goldman Sachs and consist of legal conclusions, no response is required. To the extent a response is required, Goldman Sachs denies the allegations in paragraph 413.

414.     Goldman Sachs denies the allegations under the heading "Prayer for Relief," except admits and avers that it purports to describe the relief that Plaintiff seeks.

## JURY TRIAL DEMANDED

Goldman Sachs denies the allegations under the heading "Jury Trial Demanded," except admits and avers that Plaintiff purports to demand a jury trial.

## DEFENSES

Goldman Sachs hereby asserts the following defenses, incorporates by reference the affirmative defenses, and reserves its right to assert other and additional defenses not asserted herein. By asserting these defenses, Goldman Sachs does not concede that it bears the burden of

proof on any defense. Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.

### FIRST DEFENSE

Plaintiff and any other putative class member's claims are barred, in whole or in part, because none of the alleged misrepresentations or omission caused any loss to Plaintiff or to any putative class member.

### SECOND DEFENSE

Plaintiff and any other putative class member are not entitled to any recovery because they knew or should have known the allegedly omitted or misstated information or ratified the alleged wrongful acts and omissions alleged in the Complaint or would have purchased Goldman Sachs securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

### THIRD DEFENSE

Plaintiff and any other putative class member's claims are barred, in whole or in part, for lack of proximate causation between Goldman Sachs' alleged conduct and the alleged harm. Goldman Sachs is not liable for any alleged damages suffered by Plaintiff and other members of the putative class to the extent their purported damages, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Goldman Sachs over which Goldman Sachs had no control.

### FOURTH DEFENSE

Plaintiff and any other of putative class member's claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## FIFTH DEFENSE

Plaintiff and any other putative class member's claims are barred, in whole or in part, because Plaintiff and/or other members of the putative class purchased shares of Defendant's stock with actual or constructive knowledge of the risks involved and thus assumed the risk that the value of their shares would decline if such risks materialized.

## SIXTH DEFENSE

Plaintiff and any other putative class member are not entitled to any recovery because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact known to or entered the securities market through credible sources, and was publicly available and/or widely known to the market and the investing community.

## SEVENTH DEFENSE

Plaintiff and any other putative class member's claims are barred, in whole or in part, by the "truth on the market" corollary to the "fraud on the market" theory of reliance because the information allegedly misrepresented or omitted was known to the market, already in the public domain and/or reasonably available to shareholders.

## EIGHTH DEFENSE

Plaintiff and any other putative class member's claims are barred, in whole or in part, by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence.

## NINTH DEFENSE

Plaintiff and any other putative class member are barred from recovery for damages, in whole or part, because they failed to make reasonable efforts to mitigate any such damages.

## TENTH DEFENSE

Goldman Sachs is not liable because certain alleged misstatements were forward-looking statements and thus are immunized by the Safe Harbor provided by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1), and the bespeaks caution doctrine. The forward-looking statements were identified as forward-looking and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.

## ELEVENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff and any other putative class member is subject to offset in the amount of any value gained through the investment (including tax benefits actually received) and is subject to the "90-day-bounce-back" damages limitation, 15 U.S.C. § 78u-4(e).

## TWELFTH DEFENSE

Plaintiff and any other putative class member's claims are barred, in whole or in part, to the extent Plaintiff recovered, through sale, tender, liquidation or any other means, all or some of the amounts Plaintiff supposedly expended to acquire the securities at issue.

## THIRTEENTH DEFENSE

Plaintiff and any other putative class member are barred, in whole or in part, by applicable statutes of limitations, statutes of repose, and other limitations periods.

## FOURTEENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FIFTEENTH DEFENSE

The putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure.

## <u>PRAYER FOR RELIEF</u>

Based upon the foregoing, Goldman Sachs prays that this Court deny any relief or request for judgment on behalf of Plaintiff or any other putative class member. Goldman Sachs also prays for such other and further relief as may be appropriate or that the Court deems just and proper.

Dated: August 18, 2023

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Robert Y. Sperling*
Robert Y. Sperling
Staci Yablon
Gregory F. Laufer
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 373-3148
rsperling@paulweiss.com
syablon@paulweiss.com
glaufer@paulweiss.com

*Attorneys for Defendant The Goldman Sachs Group, Inc.*