PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

DIRECT DIAL: (212) 373-3148
EMAIL: RSPERLING@PAULWEISS.COM

BEIJING          SAN FRANCISCO
BRUSSELS         TOKYO
HONG KONG        TORONTO
LONDON           WASHINGTON, DC
LOS ANGELES      WILMINGTON

June 7, 2024

**VIA ECF**
Hon. Vernon S. Broderick
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

Re:   *Sjunde AP-Fonden* v. *The Goldman Sachs Group, Inc. et al.*, No. 18-cv-12084-VSB-KHP

Dear Judge Broderick:

  We represent Defendant The Goldman Sachs Group, Inc. ("Goldman") in the above-captioned matter, and write on behalf of all Defendants to request leave to file a 14-page Reply Brief in Further Support of Defendants' Objections to the April 5, 2024 Report and Recommendation Regarding Plaintiff's Motion for Class Certification (ECF No. 329, the "R&R"). Defendants respectfully submit that their Reply Brief (a copy of which is enclosed with this letter) will be of assistance to the Court in resolving Defendants' Objections for several reasons.

  *First*, the R&R appears to be only the second decision in this District addressing the Second Circuit's decision in *Arkansas Teacher Retirement System* v. *Goldman Sachs Group, Inc.*, 77 F.4th 74 (2d Cir. 2023) ("*ATRS*"). *See In re Kirkland Lake Gold Ltd. Sec. Litig.*, 2024 WL 1342800 (S.D.N.Y. March 29, 2024). Given the recency of the decision in *ATRS* and the stringent standard it adopts, the Court should have the benefit of full briefing in assessing the issues.

  *Second*, the Reply Brief is necessary because Plaintiff is mischaracterizing facts and effectively trying to replead its case by expanding the text and meaning of both the alleged misstatements and single corrective disclosure that Plaintiff relies on. Likewise, Plaintiff misrepresents the contents of the large record of pre- and post- corrective disclosure media and analyst reports that it uses to try to show that Defendants did not rebut price impact.

  *Third*, in its Response, Plaintiff abandoned one of the central economic theories the R&R relied on to justify class certification in this case to explain the 15-hour delayed market reaction to the corrective disclosure, i.e., the momentum trading theory. *See* R&R at 41–42, 46–47. Plaintiff did so after its expert disavowed this momentum trading theory at a deposition on May

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Vernon S. Broderick                                                                                           2

2, 2024, testifying that he has no opinion "at all" as to whether intraday momentum trading dynamics actually impacted Goldman's stock price.  *See* Ex. C, Mason Dep. Excerpt, 225:13–18.  The Reply Brief addresses the import of that change in position.

      We appreciate the Court's consideration of this request.  Defendants advised Plaintiff in advance that we would be seeking leave to file a Reply Brief, and counsel for Plaintiff advised that Plaintiff opposes this request.

Respectfully submitted,

/s/ *Robert Y. Sperling*

Robert Y. Sperling

cc:   All Counsel of Record (via ECF)