```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: 7/25/2024            │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SJUNDE AP-FONDEN, individually and on behalf
of all others similarly situated,

                                    Plaintiff,                    18-CV-12084 (VSB) (KHP)

            -against-                                             OPINION AND ORDER ON
                                                                  MOTIONS TO SEAL

THE GOLDMAN SACHS GROUP, INC.,
LLOYD C. BLANKFEIN, HARVEY M.
SCHWARTZ, and R. MARTIN CHAVEZ,

                                    Defendants.
----------------------------------------------------------------X

KATHARINE H. PARKER, United States Magistrate Judge:

       This securities fraud litigation, filed in 2018 arises out of the 1Malaysia Development

Berhad ("1MDB") scandal. Plaintiffs were investors in Defendant the Goldman Sachs Group Inc.

("Goldman"). The parties have moved to seal materials submitted in connection with Plaintiff's

motion for class certification. (ECF Nos. 290, 312). For the reasons stated below, the motions

to seal are GRANTED in part and DENIED in part.

## LEGAL FRAMEWORK

       The common law and the First Amendment accord a presumption of public access to

judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The

public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis

v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of

government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

       In considering a motion to seal, the court undertakes a three-part analysis. First, the

court must determine whether the document is in fact a judicial document. A judicial

document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public

disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

## APPLICATION

As a preliminary matter, documents submitted in support of a motion for class certification are judicial documents to which the presumption of public access would apply. *See Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016)(noting "exhibits supporting a motion for. . . class certification would certainly be relevant to the judicial function and useful to the judicial process.") As judicial documents, the exhibits that the parties rely upon to support or oppose the motion for class certification give rise to a qualified First Amendment right of access to these documents. *Id.* Oral argument was held for the motion on February 22, 2024, which was open the public, and the transcript of the hearing has been made public. ECF No. 326. Oral arguments relating to a motion for class certification that implicate the right of access and this right of access necessarily extends to the written documents submitted in connection therewith. *Lugosch*, 435 F.3d at 124; *In re N.Y. Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987). Therefore, a qualified First Amendment right of access attaches to the exhibits filed in connection with Plaintiff's motion for class certification and the

public's constitutional right of access may be overcome only by specific, on-the-record findings that sealing is essential to protect "higher values" and redactions be narrowly tailored to achieve that aim.  *Lugosch, 435 F.3d at 124*;  *Tropical Sails Corp.* 2016 WL 1451548, at *3.

In support of its application to maintain certain documents under seal, and to allow for the filing of other exhibits with redactions, Goldman notes that it seeks to redact individuals' names and other personal identifying information of current and former Goldman employees as well as two entities and individuals unaffiliated with Goldman.  ECF Nos. 301, 319.  Goldman states that none of those employees or entities were implicated in any of the alleged wrongdoing at the center of this case.  Therefore, Goldman states, "it would be patently unfair and highly prejudicial to these individuals to disclose [their] names."

While redactions of names and personal information of non-parties is occasionally permitted in this district, particularly at the class certification phase, Plaintiffs dispute whether the underlying nonparties are actually implicated in the 1MDB Fraud.  ECF No. 303; *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 2023 WL 196134, at *7 (S.D.N.Y. Jan. 17, 2023). In fact, among the names redacted in Goldman's submissions is Lloyd Blankfein, Goldman's then-chairman, and who's statements about 1MDB are specifically at issue in the motion for class certification.  *See e.g.,* ECF No. 320-3.   Similarly, Plaintiff alleges that some of the names Goldman seeks to redact include individuals who testified publicly at the trial of Roger Ng (one of the architects of the 1MDB fraud.)   In any event, Goldman does not contend that its employees or their titles are nonpublic.  Therefore, while they might maintain a privacy interest in having personal details such as phone numbers, email addresses, or actual addresses, they do not have a similar privacy interest in the fact of their employment at Goldman during the relevant period.  *See Anderson v. New York City Health & Hosps. Corp.*,

2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020)(ordering the unsealing of party names that were already public, but allowing for sealing of nonpublic information including contact information.)

Even if Goldman kept the names of its employees confidential, which it does not, the allegation that unsealing the documents would be "unfair" and "prejudicial" to the individuals named therein is no more than "broad allegations of harm unsubstantiated by specific examples or articulated reasoning." *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023), reconsideration denied, No. 14-MC-2542 (VSB), 2023 WL 3966703 (S.D.N.Y. June 13, 2023).  At the very least, it is not detailed enough for this Court to make the "specific, on the record findings" that sealing here is necessary to serve higher values.  *Lugosch*, 435 F.3d at 120.

As detailed below, Defendants have already agreed to unseal roughly half of the documents at issue without redaction.  *See* ECF No. 302-1.   Further, Goldman has advised the Court that it is not opposed to the unsealing of transcripts from depositions of their experts. ECF No. 321.   As for the remaining documents, to the extent Goldman's proposed redactions obscure the identities of employees without a specific rationale – the redactions are overbroad. However, redactions to protect the personal identifying information of those employees or entities, including email addresses and phone numbers, are permissible.

## CONCLUSION

The parties' motions to seal at ECF Nos. 290 and 312 are GRANTED in part and DENIED in part. **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 290 and 312.**

- **The following documents are to be unsealed in their entirety, consistent with Defendant's representation that they have no objection: ECF Nos. 294-07; 294-09; 294-11; 294-11; 294-15; 294-18; 294-35; 294-36; 294-37; 294-39; 294-41; 294-48; 294-52; 294-53; 315-8; and 315-9.**

- **By Thursday, August 15, 2024, Defendants shall re-file their motions to seal with revised proposed redactions consistent with this opinion or with more detailed explanations as to why particular names should remain under seal. If Defendants do not refile their motion by August 15, 2024, the Court will direct that the following documents be unsealed in their entirety: ECF Nos. 294-08; 294-32; 294-38; 294-40; 294-42; 294-43; 294-44; 294-45; 294-46; 294-47; 294-49; 294-50; 294-51; 294-54; 315-2; 315-3; 315-4; 315-5; 315-6; 315-7.**

    **SO ORDERED.**

DATED:    New York, New York
       July 25, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge