September 11, 2025

**VIA ECF**
Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re: *Sjunde AP-Fonden v. The Goldman Sachs Grp., Inc., et al.*, 18-cv-12084 (VSB) (KHP)

Dear Judge Broderick:

      Lead Plaintiff Sjunde AP-Fonden ("Plaintiff") and Defendants The Goldman Sachs Group, Inc., Lloyd C. Blankfein and Gary D. Cohn ("Defendants") write further to their April 11, 2024 joint letter (Dkt. No. 332) to propose the next steps for the adjudication of this case. All fact and expert discovery has been complete since May 2024 and there are currently no further case deadlines. Following the Court's September 4, 2025 Opinion & Order granting in part Plaintiff's motion for class certification (Dkt. No. 355), the parties met and conferred via teleconference on September 9, 2025.[1] The parties agreed to a schedule for summary judgment motions, subject to the Court's approval, whereby any motions will be filed within 60 days, opposition briefs will be filed 60 days thereafter, and reply briefs will be filed 45 days thereafter. However, the parties disagree whether this schedule should begin immediately or after resolution of Defendants' forthcoming petition to appeal pursuant to Federal Rule of Civil Procedure 23(f). The parties provide their respective positions below.

      **Plaintiff's Position**

      This action has been pending for nearly seven years and concerns alleged misstatements by Defendants on December 22, 2016 and November 1, 2018 regarding the 1MDB bond deals that occurred in 2012 and 2013—***over 12 years ago***. The parties completed discovery 15 months ago, in May 2024. Dkt. No. 332. Now that class certification has been granted, there is no basis to further delay the resolution of this matter pending the outcome of Defendants' Rule 23(f) petition.

      Under Rule 23(f), "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). "The party requesting a stay bears the burden of showing that the circumstances justify [a stay]." *In re Petrobras Sec.*, 193 F. Supp. 3d 313, 316 (S.D.N.Y. 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)). In deciding whether to grant a stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Pryce v. Progressive*

---

[1] The participants in the September 9, 2025 meet and confer included Andrew Zivitz and Nathan Hasiuk of Kessler Topaz Meltzer & Check, LLP, Staci Yablon and Kristina Bunting of Paul Weiss Rifkind, Wharton & Garrison LLP, Grant Mainland of Milbank LLP, and John Gildersleeve of Munger Tolles & Olson LLP.

*Cas. Ins. Co.*, 2022 WL 2467013, at *1 (E.D.N.Y. June 10, 2022) (quoting *SEC v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012)). "[T]he first two factors . . . are the most critical." *LaCour v. Colgate-Palmolive Co.*, 2021 WL 3542295, at *2 (S.D.N.Y. Aug. 10, 2021); *Nken*, 556 U.S. at 434 (same). Each of these factors supports denying Defendants' request for a stay.

*First*, Defendants cannot establish "a likelihood of success on the threshold question of whether the Second Circuit will exercise its discretion to hear the 23(f) appeal," let alone a likelihood of success on the merits. *Pryce*, 2022 WL 2467013, at *1. In order to obtain interlocutory review, Defendants "must demonstrate either (1) that the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, or (2) that the certification order implicates a legal question about which there is a compelling need for immediate resolution." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001). These standards "will rarely be met." *Id.* at 140. Here, Defendants intend to move for summary judgment regardless of the outcome of their Rule 23(f) petition, and they cannot show that this Court's class certification decision was "questionable" or that it implicates any unresolved legal questions. *See id.* ("a death knell review is not warranted" where party "failed to make a substantial showing that the district court's decision to grant certification is questionable").

This Court faithfully applied the Second Circuit's guidance in *Arkansas Teacher Retirement System v. Goldman Sachs Group, Inc.*, 77 F.4th 74 (2d Cir. 2023) ("*ATRS*") to the facts of this case, which are nothing like *ATRS*. *See, e.g.*, Dkt. No. 355 at 14 ("Goldman specifically disavowed any knowledge of Low's involvement in the 1MDB's bond transactions. This unequivocal statement . . . could not coexist with the later revelation that the CEO of Goldman had met with this specific individual to discuss this specific company, which Goldman was only involved with through these specific transactions. This presents a far closer match than *ATRS*."); *id.* at 16 ("[T]he falsity of the No Red Flags statement can be inferred from the corrective disclosure. The match here, however, is far closer to *Vivendi* than it is to the insufficient match in *ATRS*[.]'"); *see also* Dkt. No. 329 at 34-35 ("[T]he match between the front-end denial and the back-end corrective disclosure falls between *Waggoner* and *Vivendi*, and is a substantially stronger match than existed in *ATRS*."); *id.* at 36 (there "is far closer a match than in *ATRS* because, as was the case in *Vivendi*, the import of the corrective disclosure renders the two statements false"). Defendants' other fact-intensive price impact challenges likewise do not implicate issues that warrant immediate review. *See Sumitomo*, 262 F.3d at 140 (even "a novel legal question will not compel immediate review unless it is of fundamental importance to the development of the law of class actions"). As this Court found, "Defendants do not offer any compelling argument to deviate from a close-to-close analysis, which their own expert admits is standard in securities cases." Dkt. No. 355 at 25. Moreover, "there is no bright-line rule" regarding "the use of a multi-day price impact window" and Defendants failed to present "any compelling analysis disaggregating the price impact of the Full Refund News and the corrective disclosure." *Id.* at 30, 34. While Defendants may disagree with these conclusions, they cannot show that that "the likelihood of error . . . tips the balance of hardships in [their] favor." *Sumitomo*, 262 F.3d at 140.

*Second*, Defendants will not suffer any irreparable injury absent a stay. At most, Defendants face typical litigation costs associated with routine motion practice. However, "[l]itigation costs . . . do not constitute irreparable harm." *LaCour*, 2021 WL 3542295, at *2; *see*

*Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) ("the prospect of incurring litigation costs, even if substantial, is not sufficient to constitute irreparable injury") (denying stay).

*Third*, granting a stay will substantially injure Plaintiff and other class members, who "have a strong interest in resolving this matter and recovering their losses as soon as possible." *Id.* at 235. Moreover, given that the alleged misstatements were made between six and eight years ago, and over a decade has passed since many of the relevant events in this case, delaying trial in this matter further will only increase the risk that "memories have faded and that witnesses who might once have been available may well not be found." *Garcia v. City of New York*, 2016 WL 1275621, at *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted). Defendants' suggestion that delay will **benefit** the class because it will allow time for class notice to occur (*infra*) ignores that class notice may proceed simultaneously with summary judgment briefing and that any opt-out deadline will likely occur well in advance of any decision on summary judgment.

*Fourth*, there is a public interest in "the swift resolution of cases, particularly when the likelihood of success on appeal is speculative at best." *Pryce*, 2022 WL 2467013, at *3. This interest is heightened "in cases of such obvious public interest as this one." *Petrobras*, 193 F. Supp. at 318. This action involves allegations of brazen corruption, *see* Dkt. No. 355 at 2-3; Dkt. No. 329 at 1-14, and so there is "a strong public interest in the speedy and effective administration of justice." *Petrobras*, 193 F. Supp. at 318.

In sum, there are no circumstances that support granting an indefinite stay pending the outcome of Defendants' Rule 23(f) petition. Plaintiff and the class should get their day in court. Plaintiff respectfully requests that the Court order that the parties' agreed-upon schedule for summary judgment briefing commence immediately.

**Defendants' Position**

Defendants will file their Rule 23(f) petition by September 18, 2025, one week from today. Given the speed with which Rule 23(f) petitions are decided, and the substantial efficiency gains that would accrue, the most prudent course is for summary judgment briefing to begin after the Court of Appeals has weighed in, either by granting the petition and resolving the appeal or by denying the petition outright. Setting dates in that sequence is a matter of efficient case management, and the parties and the Court can consider the propriety of a stay on a more fulsome record, with the benefit of the filed petition, if the Court of Appeals agrees to hear the appeal. Allowing the Court of Appeals to act on the Rule 23(f) petition first is the most efficient course for multiple reasons.

First, Rule 23(f) petitions are decided quickly. As the Advisory Committee's note to the rule explains, "[i]t is expected that the courts of appeals will act quickly in making the preliminary determination whether to permit appeal." Fed. R. Civ. P. 23 advisory committee's note to 1998 amendment. For example, during 2025 the Court of Appeals has ruled on Rule 23(f) petitions in

108, 106, 113, and 144 days.[2] The Second Circuit's speed comports with the national average. *See* B. Lammon, *An Empirical Study of Class-Action Appeals*, 22 J. App. Prac. & Process 283, 315 (2022) (finding that 87% of Rule 23(f) petitions nationwide were decided within 120 days). The parties and the Court, therefore, will know soon enough whether Plaintiffs are correct in their view that Defendants' Rule 23(f) petition, which Plaintiffs have not yet seen, will be denied. If Plaintiffs are correct and the petition is denied, summary judgment briefing can begin immediately because all discovery is complete.

Second, if the Rule 23(f) petition is granted, the Court of Appeals' ruling will very likely inform the substance of the parties' summary judgment briefing, and could obviate the need for that briefing entirely. In a Rule 23(f) appeal, the Court of Appeals will consider evidence that overlaps with a range of issues that may be the subject of summary judgment briefing, including which alleged misstatements Plaintiffs may proceed upon, how investors understood those statements, whether those statements were material, what other information was available to the market, and how principles of market efficiency and statistical significance should apply to the stock-price declines for which Plaintiffs seek to recover damages. That is, the Court of Appeals will consider "*all* record evidence relevant to price impact, regardless whether that evidence overlaps with materiality or any other merits issue." *Goldman Sachs Grp. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 124 (2021) ("*ATRS*"). Any summary judgment briefs that were filed while the Rule 23(f) petition was pending would likely need to be withdrawn, substantially modified, and refiled, or at a minimum supplemented, resulting in significant wasted time and expense. And, if the Court of Appeals reverses class certification and the case proceeds no further, summary judgment briefing will have been unnecessary. That is precisely what occurred in *ATRS*, where summary judgment briefing proceeded in fits and starts throughout the appellate process, and the parties ultimately agreed that supplemental briefing was needed to address new precedent. That benefited neither the parties nor the district court, which, had the case not been dismissed, would have had to piece together six summary judgment briefs filed years apart.

Third, briefing summary judgment after the Rule 23(f) petition is denied, or any appeal is resolved, will allow sufficient time for the Court to direct notice to be given to the class, as required by Rule 23(c)(2), and for any exclusions to be made. "Ordinarily, notice to class members should be given promptly after the certification order is issued." Ann. Manual Complex Lit. § 21.311 (4th ed.). The Court should now direct appropriate notice to be given, which then will entail an exclusion period that will coincide approximately with the expected time for a ruling on the Rule 23(f) petition. If class notice is delayed and summary judgment briefing proceeds in the interim, absent class members will be unable to exercise their right to opt out before any potentially dispositive ruling on summary judgment.

Finally, Defendants at this time simply ask that the Court set dates for briefing summary judgment that avoid the risk of significant potential waste by accounting for the forthcoming Rule 23(f) petition. Because the Court of Appeals is expected to rule in a few months, accommodating its ruling is a matter of prudent and efficient case management. If the petition is granted, the parties

---

[2] *See Hall-Landers v. New York Univ.*, No. 25-815; *Set Capital LLC v. Credit Suisse Grp.*, No. 25-451; *The Tripp Plating Works, Inc. v. Olin Corp.*, No. 25-007; *Bozzuto's Inc. v. Louseau*, No. 25-549.

and the Court can consider at that time whether the merits of the appeal justify a stay—the question that Plaintiffs prematurely attempt to answer without the benefit of the petition to consider. To the extent the Court considers the stay factors now, the factors would support allowing the Court of Appeals to weigh in. *See SEC v. Citigroup Glob. Mkts. Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) ("(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies"). The Rule 23(f) petition is likely to be granted because it implicates unsettled questions in an area of evolving law, as the Court is aware from the class certification briefing. *See Ark. Tchr. Ret. Sys. v. Goldman Sachs Grp.*, 77 F.4th 74, 105 (2d Cir. 2023) (stating that Court of Appeals still "ha[s] work to do" in the area of price impact in inflation maintenance cases, and "whatever analytical approaches might be warranted in future cases remains to be seen"). Briefing summary judgment now will waste both sides' resources, whereas waiting a few months to see what the Court of Appeals does will not prejudice anyone in the overall context of this complex litigation. While Plaintiffs cite the passage of time, they seek only money damages and cannot raise any question about Defendants' ability to pay any judgment entered against them. Lastly, the public interest lies in promoting efficiency and judicial economy by allowing the Court of Appeals to act first. If the Court believes that briefing a formal stay motion at this time would be helpful, Defendants are prepared to brief that motion on any schedule the Court might deem appropriate, and believe that such briefing would show that a stay is warranted.[3]

We thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

| | |
|---|---|
| S/ *Andrew L. Zivitz* | S/ *Staci Yablon* |
| Andrew L. Zivitz | Staci Yablon |
| KESSLER TOPAZ MELTZER & CHECK, LLP | PAUL WEISS RIFKIND, WHARTON & GARRISON LLP |
| *Lead Counsel for Sjunde AP-Fonden and Class Counsel* | *Counsel for Defendant The Goldman Sachs Group, Inc.* |
| | S/ *Andrew J. Ehrlich* |
| | Andrew J. Ehrlich |
| | PAUL WEISS RIFKIND, WHARTON & GARRISON LLP |
| | *Counsel for Defendant Lloyd C. Blankfein* |

---

[3] For example, unlike in cases highlighted by Plaintiffs, here there is no "substantial discovery yet to occur," *Pryce v. Progressive Cas. Ins. Co.*, 2022 WL 2467013, at *3 (E.D.N.Y. June 10, 2022), nor would a stay "indefinitely delay the consolidated trial of 28 significant cases," *In re Petrobras Sec.*, 193 F. Supp. 3d 313, 318 (S.D.N.Y. 2016), and no "fact and expert discovery" remains to be completed, *LaCour v. Colgate-Palmolive Co.*, 2021 WL 3542295, at *1 (S.D.N.Y. Aug. 10, 2021).

Hon. Vernon S. Brodrick
September 11, 2025
Page 6

<u>S/ Grant R. Mainland</u>
Grant R. Mainland
MILBANK LLP

*Counsel for Defendant Gary D. Cohn*